Nov. Term,
1859.

Dennison
v.
The State.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. S. Scobey*, for the appellants.

*J. B. McFadden*, for the appellee.

---

## Dennison *v.* The State.

In manslaughter there may be intention to kill, arising in the sudden transport of passion, but it may, and in this grade of offense must, be unaccompanied by malice.

Monday,
December 19.

APPEAL from the *Marion* Circuit Court.

Perkins, J.—Indictment for an assault and battery, with intent to commit murder. Conviction and sentence for two years to the state prison.

On the trial, the Court instructed the jury, among other things, as follows:

"To sustain a charge of assault and battery with intent to murder, the circumstances surrounding the transaction must be such that if death had resulted it would have been murder.

"If the killing would only have been manslaughter; or if the defendant only intended to do great bodily injury, the defendant should be acquitted of the intent to murder.

"As to the provocation, which will reduce killing to man-slaughter, it must be considerable and not slight only." [It should be such as is deemed in law sufficient to deprive the party of deliberation. U. S. Crim. Law, p. 396.]

"Proof of reproachful words, however grievous, or of

Nov. Term,
1859.

DENNISON
v.
THE STATE.

actions or gestures expressive of contempt or reproach, without an assault, actual or menaced, on the person, will not be sufficient, if a deadly weapon be used. Nor will the circumstances that the slayer destroyed the life of the person slayed from sudden transport of passion, or heat of blood, be sufficient to reduce killing to manslaughter. There must be a reasonable provocation to cause such sudden transport of passion, or heat of blood; and if without such provocation, or if the blood has had reasonable time to cool, after such provocation was given, and before the fatal blow or wound is inflicted; or if there be evidence of express malice, that is, a positive intention to kill, existing in the mind of the slayer, at the time of inflicting the wound, the killing is murder in the second degree."

This latter instruction contains an error, which may have misled the jury. It informs them that intention to kill, existing at the commission of the act, constitutes express malice. This is entirely wrong.

In justifiable homicide, there is intention to kill, but not necessarily malice or premeditation.

In murder in the first degree, there is intention to kill, accompanied with premeditated malice, except in certain cases in which certain acts are made murder by statute.

In murder in the second degree, there is intention to kill, accompanied by malice, but without premeditation.

In manslaughter, there may be intention to kill, arising in the sudden transport of passion, but it may, and must, in this grade of offense, be unaccompanied by both premeditation and malice. See U. S. Crim. Law, p. 397.

If a sane man, without accident, justification, or any provocation, suddenly kill another, even a stranger, the act must be attributed to malice, because it could be accounted for upon no other hypothesis, based upon the laws governing the action of the mental and moral faculties of man. Such an act would evince a degree of depravity of heart, almost excluding the possibility of any higher moral feeling than malice against all mankind. But human experience will bear witness that provocation may excite a

transport of passion, accompanied by a momentary intention to kill the dearest and most beloved friend, against whom no malice exists. And passion, upon sufficient provocation, tends to rebut the presumption of malice.

This is expressly laid down in *Pennsylvania* v. *Honeymoon*, Addis. 147, and in *Pennsylvania* v. *Bell*, *id.* 156. These cases draw with clearness the distinctions on this subject. So, also, does the case of *Pennsylvania* v. *Poke*, reported in Lewis' U. S. Crim. Law, p. 394, and largely quoted from in 2 Wat. Arch. Crim. Law, p. 231.

In this last case, Judge LEWIS says: "The prisoner is guilty of voluntary manslaughter, by reason of the existence of an intention to kill, suddenly executed, without justification or excuse, in a passion, occasioned by provocation from the deceased."

And under our laws, the question of malice would be for the jury. The law does not conclusively impute malice to an intention to kill, suddenly formed, in the heat of passion, upon sufficient provocation.

The same doctrine has been applied in this Court, upon the question of malice in actions of slander, where it is held that anger is not malice; but that sudden anger, or passion, and malice may coëxist, and whether they do or not, in the given case, will be a question for the jury. *Brown* v. *Brooks*, 3 Ind. R. 518.

In cases of homicide, there may be express malice accompanying transport of passion, and there may not be. This will be for the jury. See Walk. Am. Law (3d ed.), p. 491.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for another trial—the keeper of the state prison to be notified to return the prisoner to the *Marion* county jail.

*H. Cravens, W. R. Pierce, R. L.* and *T. D. Walpole,* for the appellant.

*J. E. McDonald,* Attorney General, and *A. L. Roache,* for the state.