## POLK v. THE STATE.

In a prosecution for murder, if the jury, upon the whole evidence in the cause, have a reasonable doubt whether the defendant was sane when he committed the homicide, they must also, and for that reason, have a reasonable doubt whether he purposely and maliciously committed the crime, because, without sanity, the crime, as defined by the statute, can not be committed. *Hanna*, J., dissenting.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—*James Polk* was indicted for the murder of *John Stewart*, convicted of murder in the second degree, and sentenced, for twenty years, to the state prison. On the trial the Court charged the jury as follows:

"Insanity is insisted upon, as a defense in this cause. Where the mental faculties are so deranged as to render the party incapable of distinguishing between right and wrong, the law will not hold him criminally liable for his acts while in such state. This, however, is a defense which must be made out by the defendant, and must be proved to your satisfaction by a preponderance of evidence."

The case turns, in this Court, upon the correctness of the above charge.

Crimes, *malum in se*, consist in acts done, and intentions with which they are done. *Dennison* v. *The State*, 13 Ind. 510. *Keely* v. *The State*, 14 *Id.* 36. Murder, in the second degree, consists: 1. In the act of killing a human being. 2. In purpose (intention) and malice in the killing. These two facts must exist to constitute the crime; and, in a given case, if there is a reasonable doubt of the existence of either fact, the defendant must be acquitted; but as purpose, intention, malice, are mental, are states of an intelligent mind, they can not, either of them, exist where the mind is deranged, is unsound, in the technical sense of the word, in short, is insane. Hence, the definition of murder, always and everywhere, has been the killing of a human being by a person of sound mind, etc.

The same rule of law applies as to both these facts; that is, that the jury must be satisfied of their existence beyond a reasonable doubt.

If, therefore, upon the whole evidence in the cause, the jury have a reasonable doubt whether the accused, upon trial, was sane when he committed the homicide or act charged against him, they must have a reasonable doubt whether he purposely and maliciously committed the act; and, hence, a reasonable doubt whether he committed the crime defined by statute.

The rule of proof, in these cases, is settled in this State. *Hale* v. *The State*, 8 Ind. 439. *French* v. *The State*, 12 *Id.*

670. The rule in New York accords. *The People* v. *Mc-Cann,* 16 N. Y. Court of App. 58.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for another trial.

HANNA, J.—Every man is presumed to be innocent (as to a crime charged) until the contrary is shown.

Every man is presumed to be sane until the contrary is shown.

To overcome this presumption of innocence, and to establish a charge of guilt, every material element necessary to constitute the crime must be proved beyond a reasonable doubt.

To make out a charge of even murder, no witness need say one word as to soundness of mind of the accused—that is presumed. If he is not of sound mind, that is a matter of defense. A plea to that effect might have been, under the English practice, interposed, as to unsoundness, at the time of the trial, and an issue found, a jury called, and that issue tried before the accused was placed upon his trial for the crime charged. Upon that issue it had to be clearly proved that the man was not of sound mind, before the presumption of sanity, like the presumption of innocence, could be overcome. Many authorities are to the effect that, where the defense is insanity at the commission of the act, the same weight of evidence is necessary to overcome either presumption; because one presumption is for the protection of the accused, the other for the protection of community, and the individual members thereof, from his acts.

These issues, under our practice, of guilt and of insanity at the time of the commission of the offense, being tried together, upon an accusation of crime, it appears to me, on a parity of reasoning, that the presumption of sanity can only be overcome by proof plainly showing insanity; that is, there must be, at least, a preponderance of evidence

against his sanity, or the presumption and evidence of sanity will prevail. Even this does not require as rigid a rule of evidence, to protect community, as is required to guard the rights of the individual accused.

I therefore conclude that it does not, where such defense is interposed, require proof that will satisfy the jury, beyond a reasonable doubt, of the sanity of the accused; but if the evidence preponderates in that direction, it is, together with the presumption, sufficient.

*John M. La Rue* and *R. C. Gregory*, for the appellant.

*John L. Miller*, Pros. Att'y., and *Orth* and *Stein*, for the State.