*D. E. Williamson,* Attorney General, for the State.

———o———

MURPHY v. THE STATE.

HOMICIDE.—*Malice.*—*Purpose to Kill.*—*Manslaughter.*—Although a person un-lawfully and *purposely* kill a human being, yet if it be done in a sudden

| | |
|---|---|
| 31 | 511 |
| 136 | 669 |
| 31 | 511 |
| 140 | 308 |
| 141 | 26 |
| 31 | 511 |
| 147 | 33 |
| 31- | 511 |
| 153 | 564 |
| 31 | 511 |
| 160 | 664 |

heat of passion, caused by a sufficient provocation, and in the absence of express malice, then malice will not be implied from the act, but the offense will be manslaughter.

SAME.—*Provocation by Words.*—Words only, however abusive and insulting they may be, cannot constitute such sufficient provocation to rebut the presumption of malice arising from the act, in such a case, and reduce the offense from murder to manslaughter.

SAME.—*Deadly Weapon.*—If the act be perpetrated with a deadly weapon, so used as likely to produce death, the purpose to kill may be inferred from the act.

SAME.— *Words.—Definition of.—Statute Construed.*—The word "voluntarily" in our statutory definition of manslaughter means, by the free exercise of the will, done by design, purposely.

SAME.—*Instruction to Jury.*—On the trial of an indictment for assault and battery with intent to murder, the court instructed the jury, in effect, that there can be no *purpose to kill* in manslaughter; and that if such a purpose be shown to exist, and if death result, the killing is murder.

*Held,* that this was error.

APPEAL from the Wayne Criminal Circuit Court.

ELLIOTT, J.—Murphy was tried and convicted on an indictment for an assault and battery, with intent to murder Isaac Parks, and sentenced to pay a fine of one dollar, and be imprisoned in the state prison for the term of two years.

A new trial was prayed and overruled, and that ruling is assigned for error.

Error of the court in certain instructions given to the jury, and the refusal to give, as requested, certain other instructions asked for by the defendant, are among the reasons urged for a new trial.

It was claimed on the part of the defense, that the assault and battery charged in the indictment was committed in a sudden heat of passion and without malice; and hence the defendant was not guilty of the felonious intent to murder, as alleged.

On this point, the court, after reading to the jury the statutory definition of manslaughter, further instructed them as follows: "In this offense there is no malice, either express or implied; there is no deliberation *or purpose to kill,* but a killing voluntarily, upon a sudden heat, or involuntarily, in the commission of some unlawful act; and if the jury be-

lieve from the evidence that, if death had resulted to Parks, it would, under the circumstances, have been manslaughter, then the jury must find the defendant not guilty of the intent charged in the indictment."

The court also refused to give certain instructions as asked by the defendant on the same subject, but gave them with this qualification: "If the parties, Parks and defendant, were engaged in a fight, and during that conflict the blows were inflicted on the body of Parks in the heat of blood, without malice, premeditation, or purpose to kill, it would be manslaughter; but in considering the whole case the jury may take into consideration the fact, if proved, whether the defendant did or did not use a deadly or dangerous weapon in inflicting the wounds, and how far the use of such deadly or dangerous weapon may establish malice, as all men are presumed to intend the reasonable and natural consequences of their acts." By these instructions the jury were told, in effect, that there could be no purpose to kill in manslaughter, and that if such a purpose were shown to exist, the killing would be murder. This, we think, is not a correct exposition of the law. The killing may be unlawful, and purposely done, and yet if it is done without malice, in a sudden heat and transport of passion, caused by a sufficient provocation, it is only manslaughter. It was so held in *Dennison* v. *The State,* 13 Ind. 510. It is also apparent from the definition of manslaughter given in the statute, viz.: "If any person shall unlawfully kill any human being without malice express or implied either *voluntarily* upon a sudden heat, or involuntarily, but in the commission of some unlawful act, such person shall be deemed guilty of manslaughter," &c. "Voluntarily" means, by the free exercise of the will, done by design, purposely.

To constitute murder in the second degree, the killing must be unlawful—that is, without justification or legal excuse—and it must be done purposely and maliciously.

Malice may be proved by direct evidence, such as seeking

an opportunity to perpetrate the act by lying in wait, prior threats, &c. This is denominated express malice, and such proof would be evidence of premeditation, and would make the offense murder in the first degree. Malice may also be implied from the act of killing; as, if the killing is done purposely, without justification, legal excuse, or reasonable provocation, malice is implied from the act. And if the act is perpetrated with a deadly weapon, so used as likely to produce death, the purpose to kill may be inferred from the act; because it is but reasonable to infer that a party intends to do what his wilful act is palpably calculated to effect.

But although the killing may be unlawful, and done purposely, yet if it is done in a sudden heat of passion, caused by a sufficient provocation, and in the absence of express malice, malice is not implied from the act, and the offense is manslaughter. But it should be remembered that words only—however abusive and insulting they may be—cannot constitute a sufficient provocation to rebut the presumption of malice arising from the act, and reduce the offense from murder to manslaughter.

The court erred, for the reason stated above, in overruling the motion for a new trial.

Judgment reversed, and the cause remanded for a new trial.

*W. A. Peelle, J. H. Popp,* and *H. C. Fox,* for appellant.

*D. E. Williamson,* Attorney General, for the State.