Field *v.* The State.

## FIELD *v.* THE STATE.

50   15
148  702

CRIMINAL LAW.—*Malice.*—Malice is not necessarily implied from an intent to inflict a personal injury.

SAME.—An act, to be malicious, must either be wicked or wrongful.

SAME.—*Malice a Question for the Jury.*—Where two persons were fighting in a room, and two others who were standing by became engaged in a fight, the question whether the striking of one of the latter by a fifth person, a stranger to him, implied malice or not, was a question for the jury.

SAME.—*Malicious Intent.*—Where it is proved that the defendant in an indictment for assault and battery with intent to kill struck the injured party, but that he had no grudge against him, or quarrel with him, and no motive to kill him, and that he was excited from some cause, and while in that condition he received, or thought he received, a blow from the injured party, such circumstances will tend to show that the blow struck by

the defendant was given in the heat of passion, and without an intent to kill.

From the Wells Circuit Court.

*R. S. Taylor,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

BIDDLE, J.—Indictment against the appellant, Simon H. Stout, and John W. Stout, for an assault and battery upon, and with intent to murder, Phillip Jones. The appellant was tried separately by a jury, and convicted as he stands charged in the indictment. He appeals to this court.

The evidence is all before us. It is very voluminous, much of it cumulative, and some of it contradictory; but for the purposes of this opinion, it may be condensed, as follows: ·

The occurrence took place in a drinking saloon, with a billiard room behind it, on the day of the spring election, 1874. The weather was chilly and disagreeable, and many persons were in the saloon during the day, amongst them the appellant and the two Stouts, indicted with him; they had been drinking, and were somewhat intoxicated; late in the day, Simon H. Stout and a man called Dan Miller quarrelled and fought in the billiard room; while they were down on the floor, fighting, with a crowd of men around them, Phillip Jones, the man injured, hearing the noise, came into the saloon; at this time, John W. Stout was running around the crowd, trying to get in where the men were fighting; seeing this, Jones caught John W. Stout around the body and held him, but, upon his promising to keep still, he let him go; as soon as Stout was thus released, he caught up a billiard ball and threw it at Jones with great force; Jones then picked up a billiard cue and attacked Stout, who, seizing another billiard cue, fought back; they struck at each other several times, while Stout was retreating and Jones advancing; Field, the appellant, seeing Jones thus advancing upon Stout, came suddenly up behind Jones and struck him a heavy blow upon the side of the head, with the butt end of a billiard cue; Jones was severely injured, and fell to the floor insensible; Simon

H. Stout, having in the meantime been separated from Miller in the fight, came up and kicked Jones several times about the head and face; all of this occurred in the midst of much confusion, and about which the witnesses differ in the details of their statements. There had been no controversy, quarrel, or ill-feeling between Field and Jones; they were strangers to each other at the time the blow was struck.

With evidence in the case tending to prove the above facts, and over the objection of the appellant, the court gave the following instruction to the jury :

" If the evidence shows that the act was done with the intent to injure Phillip Jones, and the means used, the instrument and manner of using it, showed such intent, malice is implied from the act."

We do not think that an intent to injure necessarily implies malice. There are many acts excusable, justifiable, and even commended by the law, which are not malicious, although injury to another is the necessary result. A person in self-defence, or in the lawful defence of another, has a right to injure the assailant, and to intend the injury, and his act will not imply malice. An act to be malicious must be either wicked or wrongful. Bouvier, Burrill, Webster, Worcester. The character of the act, in cases like this, as to whether it implies malice or not, is a question solely for the jury ; and an instruction that an intent to injure implies malice is erroneous.

This court, in *Miller* v. *The State,* 37 Ind. 432, held the following instruction to be wrong:

" If a man use a deadly weapon in killing his adversary, the law implies malice from its use, except where the killing is excusable." See, also, *Murphy* v. *The State,* 31 Ind. 511.

We think the instruction under consideration, with the evidence before us, was erroneous, and ought not to have been given to the jury.

The following instruction was asked by the appellant, and refused by the court:

" If the defendant was not acquainted with Phillip Jones,

and had no grudge against or quarrel with him, and no motive to kill him, and if he was at the time excited and inflamed from any cause, and while in that condition received, or thought he received, a blow from Jones, such circumstances would tend to show that the blow was given in heat and passion, and without any intent to kill."

We can see no objection to this instruction. It was applicable to the case, as made by the evidence, and ought not to have been refused.

The judgment is reversed, with instructions to grant a new trial and an order to remand the prisoner.

BUSKIRK, J.—I agree that the instruction given was erroneous, and therefore concur in the judgment of reversal; but in my opinion, the instruction asked by the appellant and refused by the court did not correctly express the law as applicable to the facts of the case, and was, for that reason, properly refused.