## THE STATE *v.* THROCKMORTON.

CRIMINAL LAW. — *Assault, or Assault and Battery, With Intent to Commit Manslaughter.*—Under section 9, 2 G. & H. 438, prescribing a penalty for the perpetration of an assault, or an assault and battery, with intent to commit a felony, an indictment will lie for an assault, or an assault and battery, with intent to commit voluntary manslaughter.

SAME.—*Indictment.—Offence of Different Degrees.*—Under an indictment for an assault, or an assault and battery, with intent to commit murder in the first degree, if the evidence justify it, there may be the same conviction as under an indictment for an assault, or an assault and battery, with intent to commit manslaughter. Therefore, where there was a trial and acquittal under a count for an assault and battery with intent to commit murder, the judgment could not be reversed for the quashing of a good count for assault and battery with intent to commit manslaughter.

From the Allen Criminal Circuit Court.

*C. A. Buskirk,* Attorney General, and *S. M. Hench,* Prosecuting Attorney, for the State.

*Stratton & Stratton,* for appellee.

DOWNEY, J.—The appellee was indicted of an aggravated assault and battery. The indictment was in two counts, the second of which was, on motion of the defendant, quashed by the court, and the question was reserved by the prosecuting attorney.

The second paragraph is as follows:

"The grand jurors aforesaid, upon their oath aforesaid, do further charge and present that Henry Throckmorton, at said county of Allen, and State of Indiana, on the 7th day of October, A. D. 1875, in and upon one William Meredith, did make an assault, and him, the said William Meredith, did then and there feloniously and unlawfully touch, in a rude, insolent and angry manner, with intent, then and there and thereby, him, the said William Meredith, unlawfully and feloniously, to kill, contrary to the form of the statute," etc.

This being held and considered as a charge of an assault and battery with intent to commit manslaughter, the court, being of the opinion, as we are informed by the prose-

cuting attorney, that there was no such crime known to the law, quashed this count of the indictment.

Of manslaughter there are two kinds, voluntary and involuntary. It may be conceded that there can be no such thing as an assault, or an assault and battery, with intent to commit manslaughter of the involuntary kind. But not so, we think, as to voluntary manslaughter. The statute defines manslaughter as follows:

"If any person shall unlawfully kill any human being without malice express or implied either voluntarily upon a sudden heat, or involuntarily, but in the commission of some unlawful act, such person shall be deemed guilty of manslaughter," etc. 2 G. & H. 438, sec. 8.

The next following section is the one on which this indictment is founded. It reads as follows:

"Every person who shall perpetrate an assault, or an assault and battery, with intent to commit a felony, shall, upon conviction thereof, be imprisoned," etc.

We are aware that many eminent lawyers of this State are of the opinion that there can be no such thing as an assault, or an assault and battery, with intent to commit manslaughter. It is said by Judge BICKNELL, in his work on criminal law, that "there can be no indictment for an assault and battery with intent to commit the crime of manslaughter; because the peculiarity of manslaughter is, that it is free from unlawful intention to kill." Bicknell's Crim. Prac. 292.

It is a mistake to say that there can be no unlawful intention to kill in voluntary manslaughter. *Murphy* v. *The State,* 31 Ind. 511.

Mr. BISHOP, in his work on statutory crimes, sec. 508, expresses the opposite view to that taken by Judge BICKNELL, and thinks such view contrary to the actual course of things in the other states and "not sound as general American doctrine."

In New Hampshire, there was a statute providing, that "if any person shall make an assault upon another with an

intent to commit any crime described in this chapter, the punishment whereof shall be," etc., "he shall be punished," etc., and manslaughter was among the crimes described. It was held that this provision embraced, among the rest, an assault with intent to commit manslaughter. *The State* v. *Calligan,* 17 N. H. 253.

In *Murphy* v. *The State, supra,* the court, in speaking of the instructions given, said :

"By these instructions the jury were told, in effect, that there could be no purpose to kill in manslaughter, and that if such a purpose were shown to exist, the killing would be murder. This, we think, is not a correct exposition of the law. The killing may be unlawful, and purposely done, and yet if it is done without malice, in a sudden heat and transport of passion, caused by a sufficient provocation, it is only manslaughter. It was so held in *Dennison* v. *The State,* 13 Ind. 510," etc.

A reference to the case in 13 Ind. will show that the question was there so decided. The case of *Dennison* v. *The State* is cited and followed in *Hoss* v. *The State,* 18 Ind. 349, and *Long* v. *The State,* 46 Ind. 582.

But notwithstanding we are of the opinion that the second count in the indictment was good, we cannot reverse the judgment because the court held it bad. The first count charged the defendant with an assault and battery, with the intent, feloniously, purposely, and with premeditated malice, to kill and murder. Upon this count the prisoner was tried and acquitted. There is no doubt, we• think, that the defendant, had the evidence warranted it, might have been found guilty, on the first count, of an assault and battery with intent to commit manslaughter. Bishop Stat. Crimes, sec. 503.

The State was not, therefore, injured by the ruling of the court in quashing the second count of the indictment. It will follow from this ruling, that a party indicted for an assault, or an assault and battery, with intent to commit murder in the first degree, may, if the evidence justify it,

be convicted of the assault, or assault and battery, with intent to commit murder in the first or second degree or to commit manslaughter, or he may be acquitted of any felonious intent, and found guilty of the assault or assault and battery only.

It has been held that a party may be indicted of an assault, or an assault and battery, with intent to commit murder in the second degree. *The State* v. *Kesler*, 8 Blackf. 575. In such case, therefore, there may be a conviction, if the evidence warrant it, of the assault, or assault and battery, with intent to commit murder in the second degree, or to commit manslaughter, or, as in the other case, there may be an acquittal of any intent to commit a felony, and a conviction of the assault or assault and battery only.

If a party be indicted of an assault, or an assault and battery, with intent to commit manslaughter, he may, in a proper case, be convicted of the whole charge, or he may be acquitted of the intent to commit manslaughter, and found guilty of the misdemeanor only. These rules are deducible from sec. 72, p. 405, 2 G. & H., which provides, that, "upon an indictment for an offence consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto."

The judgment is affirmed.