## No. 9377.

## PIERCE *v*. THE STATE.

CRIMINAL LAW.—*Indictment.—Malice.—Assault and Battery with Intent to Murder.*—Where, in an indictment for an assault and battery with intent to commit murder, there is a defect in the spelling and in the construction of the word formed by the letters and characters probably intended for the word "malice," and it is evident that such word represents and stands for the word "malice," wherever it occurs in the indictment, it ought to be so read and construed.

SAME.—*Voluntary Manslaughter.*—Where such offence is not charged to have been committed with malice, the indictment may still be sufficient, on motion to quash, as a charge for an assault and battery with intent to commit voluntary manslaughter.

SAME.—*Verdict.—Judgment.*—Where, upon the trial of such indictment, the defendant was found "guilty as charged in the indictment," the indictment is sufficient to sustain both the verdict and judgment, whether considered as charging an intent to commit murder, or only an intent to commit voluntary manslaughter.

SAME.—*Practice.—Bill of Exceptions.—Supreme Court.*—Where a bill of exceptions containing the evidence is not filed within the time given therefor by the trial court, it is not properly in the record, and will not be considered by the Supreme Court.

From the Randolph Circuit Court.

*S. Colgrove* and *D. M. Bradbury*, for appellant.

*D. P. Baldwin*, Attorney General, *J. E. Mellett*, Prosecuting Attorney, and *J W. Newton*, for the State.

NIBLACK, J.—The indictment in this case, as it is copied into the record, charged Charles Pierce, the appellant, with having unlawfully, feloniously, wilfully, purposely, and with premeditated malice, made an assault on one Samuel C. Engle, and having, in like manner, beat, bruised, and wounded the said Engle, by shooting him with a pistol, with intent to kill and murder him, the said Engle. A motion to quash the indictment was overruled. A jury returned a verdict of guilty as charged, fixing the punishment at a fine of twenty-five dollars and imprisonment in the State's prison for the term of two years. After denying a motion for a new trial, the court rendered judgment against the appellant upon the verdict.

Error is assigned upon the overruling of the motion to quash the indictment, and upon the refusal of the court to grant a new trial.

The objection to the indictment is that the letters and characters used to form the word probably intended to be known as, and to stand for, "malice," do not spell and constitute the word "malice," and that in consequence the indictment does not contain a good charge of an intention to commit murder in any degree.

To obviate any question which might arise upon an attempted *fac simile* of the letters and characters used as above, the original indictment has, by agreement of parties, been placed before us, and substituted for the copy in the record. While there is a defect in the spelling, and in the construction, of the word formed by the letters and characters above referred to, that word evidently represents, and stands for, the word "malice," wherever it occurs in the indictment, and ought to be so read and construed. This

construction is made obvious by the relations of this word to the accompanying words and phrases in the indictment.

But, conceding the appellant's claim, that the offence is not charged to have been committed with "malice," the indictment is still sufficient as a charge for an assault and battery with intent to commit voluntary manslaughter. *The State* v. *Throckmorton*, 53 Ind. 354. As the indictment well charged an indictable offence, the motion to quash it was correctly overruled.

In support of the error assigned upon the overruling of the motion for a new trial, the appellant endeavors to raise several questions upon the evidence. The evidence, however, is not properly in the record.

Judgment was rendered upon the verdict on the 14th day of December, 1880, and fifty days' time from that day was given to the appellant in which to prepare and file a bill of exceptions. The bill of exceptions, copied into the record, was not filed until the 5th day of February, 1881, which was more than fifty days from the date of the judgment. In legal contemplation, therefore, the evidence is not before us, and no question is presented here upon it.

The appellant was found guilty *as charged in the indictment;* consequently, whether considered as charging an intent to commit murder or only an intent to commit voluntary manslaughter, the indictment was sufficient to sustain both the verdict and the judgment. No cause has been shown for a reversal of the judgment.

The judgment is affirmed, with costs.