Filed Jan. 29, 1890.

---◆---

No. 15,111.

## THE STATE *v.* BUSH ET AL.

CRIMINAL LAW.—*Libel.—Truth of Publication.—Good Faith.*—The defendants in a criminal prosecution for libel are not guilty of the crime charged where the words published, whether published in good faith or not, are true.

SAME.—*Reasonable Doubt.—Verdict.*—Where, from all the evidence, a reasonable doubt arises in the minds of the jury as to the truth of the publi-

The State *v.* Bush *et al.*

cation, the accused is entitled to the benefit of the doubt, and to a ver-
dict of not guilty.

SAME.— *Imputation of Crime.—Acquittal.—How Justified.—Instruction.*—An
instruction asked is erroneous which is to the effect that in so far as the
publication imputed to the prosecuting witness the commission of a
crime, to justify an acquittal it was necessary for the jury to find that
the defendants had proved the truth of the words beyond a reasonable
doubt.

SAME.—*Prosecuting Witness.—Bad Character of.—Effect.—Instruction.*—Evi-
dence tending to show that the prosecuting witness is a person of bad
character is competent as bearing upon his credibility as a witness, and
in mitigation of punishment, but is not competent as tending to show
that the accused is innocent of the charge of libel; and it is error for
the court to refuse to give an instruction asked to that effect.

SAME.— *Publication to be Considered in Entirety.—Instruction as to Evidence.*—
A written instrument, or publication, should be considered as a whole,
and from the entire instrument, or publication, the meaning, or legal
effect, must be determined; and it is not error to charge the jury to con-
sider the scope and meaning of the editorial as a whole, as well as all
other facts and circumstances in evidence.

From the Hamilton Circuit Court.

*L. T. Michener,* Attorney General, *D. W. Patty,* Prose-
cuting Attorney, *G. Shirts* and *M. Vestal,* for the State.

*T. J. Kane* and *T. P. Davis,* for appellees.

BERKSHIRE, J.—This was a criminal prosecution for libel.
The appellees were the editors of a certain newspaper in
which the libellous publication is alleged to have been
made.

The prosecution was upon affidavit and information. There
were eight counts in the information, but the State elected
to try on the third, fourth, fifth, sixth, and seventh.

There was a jury trial, and a judgment of acquittal. The
State appeals, and assigns thirty alleged errors.

The two first relate to the instructions given and refused
by the court. The others relate to the admission of evidence
over the objections of the prosecuting attorney, and the re-
fusal of the court to strike out certain admitted testimony.

The appellees having been tried and acquitted, a consid-

eration and determination of the several questions raised by the last twenty-eight alleged errors can be of no advantage to the State in this particular prosecution.

We have looked through the record, and find no question of public interest involved which renders it necessary, or even proper, that we should take up the several questions and consider them, and have, therefore, come to the conclusion not to do so.

The prosecuting attorney asked the court to give to the jury three instructions. The first of these, in effect, was that if the jury found that the appellees published the words charged in either count of the information it was their duty to find the appellees guilty, unless they further found that the appellees had proved that the words spoken were true, and that the publication was made in good faith.

The instruction did not contain a correct statement of the law, and was properly refused by the court.

The appellees were not bound to prove that the publication was made in good faith to entitle them to an acquittal; nor were they required to introduce any evidence tending in that direction.

If the words published were, in fact, true, whether published in good faith or not, the appellees were not guilty of the crime charged. R. S. 1881, section 55 ; *Mosier* v. *Stoll,* 119 Ind. 244. But the appellees were not required to prove the truth of the publication to entitle them to an acquittal.

If, from all the evidence before the jury, a reasonable doubt arose in the minds of the jury as to the truth of the publication, the appellees were entitled to the benefit of that doubt, and, therefore, to a verdict of not guilty. Gillett Crim. Law, section 883 ; *Polk* v. *State,* 19 Ind. 170 ; *Bradley* v. *State,* 31 Ind. 492 ; *Snyder* v. *State,* 59 Ind. 105 ; *Mc-Dougal* v. *State,* 88 Ind. 24.

This is a long and well-established rule in Indiana, applicable to all criminal prosecutions.

The second instruction was to the effect that in so far as

the publication imputed to the prosecuting witness the commission of a crime, to justify an acquittal it was necessary for the jury to find that the appellees had proved the truth of the words published beyond a reasonable doubt.

This instruction was so radically wrong that it would be a useless waste of time to undertake to indicate wherein it was bad.

The third instruction ought to have been given. It was, in effect, that evidence tending to show that the prosecuting witness was a person of bad character was competent, as bearing upon his credibility as a witness, and in mitigation of punishment; but not competent as tending to show that the appellees were innocent of the crime charged.

The court, on its own motion, gave seven instructions. Counsel for the State in their brief only attack the sixth. This charge was, in substance, that it was the duty of the jury to carefully consider the general scope and meaning of the editorials as a whole, as well as all other facts and circumstances in evidence. The objection made to this charge is, that the jury are directed to consider those parts of the publications embraced in the affidavit, but not included in the counts in the information upon which the appellee was tried; and that the jury were told to consider the facts and circumstances in evidence that had been erroneously admitted as well as such as were competent.

It is a well settled rule of evidence that an instrument of writing, or publication in print, should be considered as a whole, and not in detached parts, and from the entire instrument, or publication, the meaning, or legal effect, must be determined.

It is hardly necessary to cite authorities to support this well-settled rule, but see *Mosier* v. *Stoll, supra.*

The reference made to the other evidence that had been introduced was proper.

The instruction simply said to the jury that they were to consider all the evidence; if the court had assumed to tell

the jury that they should consider only portions of the evidence, it would have been erroneous.

The appeal must be sustained because of the refusal of the court to give the third instruction asked by the State.

Appeal sustained, at the costs of the appellees.

Filed Jan. 31, 1890.