CALVIN ELLIS V. STATE OF INDIANA.

[No. 2-373A72. Filed December 18, 1973. Rehearing denied January 16, 1974. Transfer denied August 12, 1974.]

*J. E. Holwager, Holwager & Harrell,* of Beech Grove, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen M. Sherman,* Deputy Attorney General, for appellee.

2

WHITE, J.—Defendant was tried by the court sitting without a jury and was convicted, as charged, of the offense of assault and battery with intent to kill. He appeals from the judgment sentencing him to imprisonment for two to fourteen years, pursuant to IC 1971, 35-13-2-1, Ind. Ann. Stat. § 10-401a (Burns 1973 Supp.) which reads:

> "Whoever with intent to kill another human being perpetrates an assault or assault and battery upon the other human being, shall upon conviction be imprisoned in the state prison for not less than two [2] nor more than fourteen [14] years."

That statute was enacted in 1959 as Chapter 49, approved March 7. Also enacted in 1959 was Chapter 121, § 7, Acts of 1959, approved March 11. It amended the 1905 statute defining assault-and-battery-with-intent-to-commit-a-felony by adding the words emphasized, as follows:

> "Whoever perpetrates an assault or assault and battery upon any human being with intent to commit any felony *other than a felonious homicide,* shall, on conviction, be imprisoned in the state prison for not less than one nor more than ten years." (Ind. Ann. Stat. § 10-401 [Burns 1973 Supp.]).

Prior to those two 1959 enactments there was, in Indiana, no offense properly called "assault and battery with intent to kill". One who attempted to kill another but succeeded only in committing an assault or an assault and battery was guilty of assault and battery with intent (1) to commit first degree murder, or (2) to commit second degree murder, or (3) to commit voluntary manslaughter.

Prior to the decision of *State* v. *Throckmorton* (1876), 53 Ind. 354, many eminent lawyers of this state (it is there said) were of the opinion that there can be no such thing as an assault, or an assault and battery, with intent to commit manslaughter. That notion was premised on the erroneous opinion that there was no unlawful intent to kill in manslaughter. *Throckmorton* held that since voluntary manslaughter is an intentional killing (though involuntary manslaughter is not) there could be an assault and battery with

intent to commit manslaughter. It also held that such offense was a lesser included offense in a charge of assault and battery with intent to commit first degree murder or second degree murder.

Whether the Supreme Court believed a defendant could not be guilty of assault and battery with intent to commit voluntary manslaughter when it handed down *Kunkle* v. *State* (1869), 32 Ind. 220, is not clear, but it did say therein:

"Our statute . . . declares that 'every person who shall perpetrate an assault, or an assault and battery, with intent to commit a felony, shall, upon conviction thereof, be imprisoned,' &c. Either an assault, or an assault and battery is, of itself, a substantive offense, and punishable as such; but if perpetrated with the intent to commit, or in other words, in attempting to commit, a felony, then, under the statute, it is raised to a higher grade of offense, and is visited with much greater punishment.

"Here, the appellant is charged with having committed an assault and battery on the body of Kestler, by shooting him with a gun loaded with powder and shot, with intent to murder him. The material facts necessary to be established to justify a conviction of the appellant for the higher offense charged, are, first, that he committed the assault and battery on Kestler as alleged; second, that at the time of its commission he intended thereby to kill Kestler; and third, that had death resulted from the act, the crime, in legal contemplation, would have been murder.

"That the appellant shot Kestler in the manner alleged, and thereby inflicted upon him great bodily harm, is not controverted.

"That he intended thereby to kill Kestler, was a question of fact for the jury, the proof of which rested upon the State, and unless so proved, the appellant was entitled to an acquittal of the felonious intent charged. But in determining the question, it was the duty of the jury to consider all the facts and circumstances disclosed by the evidence bearing upon it. The felonious intent in such a case might be shown by direct evidence, such as prior threats, or a preparation for its consummation, and lying in wait for an opportunity with a deadly weapon. And in the absence of any such direct proof, if the assault and battery is perpetrated with a deadly weapon, used in such a manner as to be reasonably calculated to destroy life, the intent to kill

may be inferred, as a fact, from the act itself, upon the principle that every man is presumed to intend the natural, necessary, and even probable consequences of an act which he intentionally performs." *Id.* at 227-8.

An annotation in Ind. Ann. Stat. (Burns 1956 Repl.) under § 10-401 (which is the assault-and-battery-with-intent-to-commit-felony statute *before* the 1959 amendment excluded felonious homicide felonies) says that the above quoted *Kunkle* v. *State* held:

"To convict of an assault and battery with intent to commit murder, it must appear that an assault and battery was committed under such circumstances that, if death had resulted, the accused would have been guilty of murder."

Appellant quotes that annotation as authority for the proposition that defendant could be convicted of the "offense of assault and battery with intent to kill or murder" only upon clear proof of premeditated malice or malice, the necessary elements to convict for murder.

One of the fallacies in that contention is its assumption that there is an "offense of assault and battery with intent to kill or murder". The statute (Ind. Ann. Stat. § 10-401a [Burns 1973 Supp.]) which we quoted in its entirety in the opening paragraph of this opinion requires simply an intent to kill, not an intent to commit any specified felonious homicide, neither first degree murder, second degree murder, nor manslaughter, although it would appear that any unjustified, but intentional (i.e., voluntary) killing of a human being is at least voluntary manslaughter.[1]

The fact that the charging affidavit herein alleges that the assault and battery was committed "with the intent . . .

---

1. Voluntary manslaughter is "a voluntary killing of a human being, without malice, in a sudden heat." *Fisher* v. *State* (1973), 259 Ind. 633, 291 N.E.2d 76, 34 Ind. Dec. 577; Ind. Ann. Stat. § 10-3405 (Burns 1973 Supp.); IC 1971, 35-13-4-2. If there is no "sudden heat" there is malice and the killing is, therefore, at least second degree murder. *Murphy* v. *State* (1869), 31 Ind. 511, 514; *Warren* v. *State* (1963), 243 Ind. 508, 513, 188 N.E.2d 108, 1 Ind. Dec. 102; Ind. Ann. Stat. § 10-3404 (Burns 1973 Supp.), IC 1971, 35-1-54-1. If additionally, the malice was premeditated, the killing is first degree murder. *Lemay* v. *State* (1963), 244 Ind. 652, 657, 190 N.E.2d 189, 1 Ind. Dec. 373.

feloniously and purposely to kill and murder Joe Warner, a human being" does not mean that an intent to murder (either in the first or second degree) need be proved to warrant a conviction. Even when the only statute making attempted homicides a greater crime than mere assault or assault and battery was the statute which prescribed a penalty for an assault or assault and battery *with intent to commit a felony*, such proof was not necessary. As previously noted, *State* v. *Throckmorton, supra* (53 Ind. 354), held in 1876 that assault and battery with intent to commit voluntary manslaughter was a lesser included offense in a charge of assault and battery with intent to commit murder. And since malice was not an element of manslaughter, a conviction could be had merely on proof of intent to kill. The only practical difference in the two statutes is the penalty. A theoretical difference is that under the former there must be proof of an intent to commit a specified felonious homicide in order to secure a conviction of an offense greater than mere assault or assault and battery, while under the new statute the specific intent proved need be only an intent to commit an unjustified killing without regard to the grade of homicide intended.

There is, therefore, no merit to appellant's contention that the following statement of the trial judge indicates he "erroneously applied the law to the facts". What he said is:

"The intentional use of a deadly weapon in such a manner is likely to cause this, it raises the inference of the intent to kill. I think it is clearly established by the evidence that this defendant had the weapon, firet (sic) it, fired it at people."

Appellant makes a superficially plausible argument that defendant fired the shots in very rapid succession "to gain the attention of the combatants" and for the purpose of quelling a fight (in which he was not the aggressor) to protect his mother. The rapid firing, it is argued, "negates any deliberate or intentional aiming of the weapon or pistol directly at any person." Perhaps the trier of fact could have so concluded,

but the mere fact that one bullet did strike the bartender on the leg is sufficient to justify the court's statement that the defendant fired the weapon "at people." From that act "the intent to kill may be inferred, as a fact . . . upon the principle that every man is presumed to intend the natural, necessary, and even probable consequences of an act which he intentionally performs." *Kunkle* v. *State, supra* (32 Ind. at 228).

There was sufficient substantial evidence of probative value to sustain the finding implicit in the court's statement, that without legal justification defendant fired a pistol at the bartender with intent to kill him and that he did thereby wound him. He was therefore guilty of assault and battery with intent to kill as charged.

The judgment is affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 304 N.E.2d 546.