LUMM *v.* THE STATE.

A prisoner who has applied for a writ of *habeas corpus* to be let to bail, may, upon the refusal of the judge to allow him to give bail, prosecute a writ of error from such judgment to the Supreme Court.

The judge, hearing such application, may, under the R. S. 1843, cause notice to be given to the party interested in resisting it, or his attorney, and witnesses to be summoned to testify in the premises; and may fully investigate the case.

A prisoner indicted for murder in the first degree, may sue out a writ of *habeas corpus* to be let to bail, and upon proof that he is guilty of a bailable homicide, he should be allowed to give bail.

ERROR to the judgment of Hon. *Alvin P. Hovey* in *Vanderburgh* county.

PERKINS, J.—*John W. Lumm* presented his petition to the president judge of the fourth judicial circuit, in vacation, setting forth that he was imprisoned in the jail of *Vanderburgh* county, for the want of bail, upon a charge of murder in the first degree, preferred by indictment in the *Vanderburgh* Circuit Court, at the last term thereof, begun and held, &c.; and praying a writ of *habeas corpus* to enable him to give bail. The writ was ordered, and was issued to the sheriff, requiring him to bring the body of *Lumm* before the judge, on a day and at a place specified, with the cause of his detention. On the day and at the place fixed, the sheriff appeared, having the body of *Lumm*, and returned as the cause of his detention the indictment referred to in the petition, consisting of a single count, charging murder in the first degree, and also a *mittimus*, directed to the keeper of the jail by the recorder of *Evansville, ex officio* a justice of the peace in said county, before whom said *Lumm* had been brought and adjudged guilty prior to the meeting of the grand jury which indicted him; and thereupon said *Lumm*, by his counsel, asked the judge to let him to bail, and offered to adduce proof that the grade of offense of which he was really guilty was bailable; but the prosecuting attorney objected to the adducing of such proof, and the judge sustained the objection, and remanded the prisoner into custody. The

prisoner brings the case to this Court, as he has a right to do; *Sherry* v. *Winton*, Smith's R. 1 (1); and contends, not that the offense of murder in the first degree is bailable, but that he is not guilty of that offense, though so presented by the grand jury, and that he had a right to go behind the indictment found by that body on the hearing upon the writ of *habeas corpus*, and prove to the judge that the offense of which he is guilty is of an inferior grade—a grade that is bailable; and that upon making such proof he was entitled to be let to bail.

The decision of the judge below was in accordance with the *English* authorities. The judges in that country do not go behind the indictment on applications of this character; not, it would seem, from an opinion of the impropriety of so doing, but from a want of power. They say the evidence before the grand jury is secret, and to be kept secret, and that, hence, they cannot avail themselves of the means of judging of the case. Where a party is committed upon a criminal charge, otherwise than upon an indictment, they re-examine the case upon *habeas corpus*, and remand or let to bail as is judged right. 3 Petersdorff, 307.—1 Chit. Cr. L. 129. The decision below must, therefore, be affirmed, unless our statute has changed the *English* rule in this state.

Our statute contemplates two kinds of applications for the writ of *habeas corpus*. One in which the petitioner claims to be absolutely discharged from custody on the ground that his arrest and detention were originally, or have become subsequently, entirely illegal; the other, where he admits the legality of the arrest and detention but claims the right to give bail for his appearance to meet the charges upon which the arrest and detention are, and not to be absolutely discharged; but, in both kinds, we think the statute authorizes the judge hearing the application to cause notice to be given to the party interested in resisting it, or his attorney; sections 28, 29, 30, p. 932; to summon witnesses to testify in the premises; section 17, p. 930; and fully to investigate the case. See

the provisions of the *habeas corpus* act generally; R. S. p. 927. Such being the fact, the objection of the *English* judges that they cannot get at the evidence necessary to the correct understanding of the case, does not apply here; for, though the evidence given to the grand jury cannot be laid before the judge, yet the witnesses themselves can be summoned and examined by him; and we the more readily give the construction we have adopted to our statute, as we think it will be attended with no objectionable, but with actually desirable, consequences. The only objection, so far as we see, that can be raised to it, is, that such power cannot be safely conferred on the circuit judges. But it seems to us it may be committed to them without danger.

On the other hand, indictments are found upon *ex parte* testimony, and, hence, often, upon an incorrect understanding of the case; and further, upon an indictment for murder in the first degree, the accused may be convicted of murder in the first, or in the second, degree, or of manslaughter. *The State* v. *Kennedy*, 7 Blackf. 233. An indictment for murder in the first degree is, therefore, in reality, an indictment for some one of three offenses, upon either of which the defendant may, according to the evidence, be convicted. Prosecuting attorneys are, consequently, tempted, as a matter of policy, to draw their indictments covering the highest offense—thus including the inferior—rather than for either of the lower, which does not include the superior. The indictment, therefore, should not be taken as conclusive of the grade of offense, in determining the question of bail.

After a party was indicted for a crime of which the Court had jurisdiction, a judge could not, of course, wholly discharge him, for he would be bound to answer to the indictment. He could only permit him to give bail for his appearance for trial. Nor, we may remark, would the opinion of the judge, on the hearing of the *habeas corpus* application, as to the character of the crime, be a matter to come before the Court or jury on the trial upon the indictment.

May Term, 1852.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*J. G. Jones* and *J. E. Blythe*, for the plaintiff.

*A. L. Robinson*, for the defendant.

