## Hoss *v.* The State.

On the trial of the appellant on an indictment for murder in the second degree, the Court erroneously instructed the jury, that, on conviction of manslaughter, the heaviest punishment they could inflict was confinement for fourteen years in the penitentiary; and the appellant was then convicted of murder in the second degree, and sentenced to the penitentiary for life.

*Held*, That such instruction might have prejudiced the defendant, and entitled him to a reversal of the judgment.

APPEAL from the *Marion* Circuit Court.

*Per Curiam.*—*Hoss* was indicted for murder in the second degree. On that indictment he might be convicted for the offence named, or for manslaughter.

The lightest punishment for murder in the second degree is imprisonment in the penitentiary for life. 2 G. & H. pp. 437, 438. The heaviest punishment for manslaughter is imprisonment in the same place for twenty-one years; *Ibid;* but, on the trial of said cause, the Court told the jury that if they convicted of manslaughter, the heaviest punishment they could inflict was imprisonment as above for fourteen years. Under this instruction the jury found the defendant guilty of murder in the second degree, whereby he was sentenced for life to the State prison. The instruction may have prejudiced the defendant. If the jury had been told that they could punish, upon a verdict of manslaughter, for twenty-one years in the State prison, they, thinking that to be punishment enough, might have so found; while, thinking fourteen years insufficient, they may have been induced to find murder in the second degree, and thus have inflicted a higher punishment than they otherwise would have done.

It may also be stated that in homicide, if there be intention to kill, but without premeditation and malice, the offence is manslaughter. *Dennison v. The State*, 13 Ind. 510.

The judgment is reversed. Cause remanded. The Clerk is directed to issue the proper order for the return of the defendant.

*Thomas D. Walpole* and *R. L. Walpole,* for the appellant.