The State v. Kennedy.

---

THE STATE v. KENNEDY, *Appellant.*

1. **Criminal Law** : LARCENY FROM DWELLING. Larceny committed in a dwelling house is grand larceny without reference to the value of the property stolen. R. S., sec. 1309.

2. ———: BURGLARY AND LARCENY : PRACTICE. In a prosecution for burglary and larceny, the defendant may be acquitted of the one and convicted of the other.

3. ———: INSTRUCTION : RECENT POSSESSION OF STOLEN PROPERTY : PRESUMPTION. An instruction that one found in the possession of property recently stolen is presumed to be the thief, and if he fails to account for his possession in a manner consistent with his innocence, the presumption becomes conclusive against him, is properly given in a case where there is no evidence as to the good character of the defendant.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Robt. W. Goode* for appellant.

If defendant is guilty of larceny it is only petit lar-
ceny, as the property lost was not worth over fifteen
dollars, and the alleged larceny was not committed in a
dwelling house, but in a car driver's room over a saloon.
R. S., secs. 1297, 1309. The instruction in regard to
possession of stolen property as presumptive evidence of
guilt should have been given as offered by the defend-
ant's counsel. That given by the trial court has been
condemned by this tribunal more than once. *State v.
Bruin*, 34 Mo. 540 ; *State v. Gray*, 37 Mo. 463 ; *State v.
Robbins*, 65 Mo. 443 ; *State v. Kelly*, 73 Mo. 608; *State
v. Sidney*, 74 Mo. 390.

*B. G. Boone*, Attorney General, for the state.

It is admitted, on the part of the state, that the evi-
dence was not sufficient to sustain the charge of burglary.
The charge of larceny was sufficiently established to
justify the verdict. The larceny having been committed
in a dwelling house, the value of the goods taken is im-
material. R. S., sec. 1309 ; *State v. Butterfield*, 75 Mo.
297 ; *State v. Brown, Ib.* 317 ; *State v. Bruffey*, 79 Mo.
389. The court of appeals was authorized in reversing as
to the burglary, and affirming as to the larceny. *State
v. Alexander*, 56 Mo. 131 ; *State v. Owens*, 79 Mo. 619.

NORTON, J.—Defendant was indicted in the crim-
inal court of the city of St. Louis for burglary and
larceny, committed in the dwelling house of one James
Renn. He was tried and convicted of both burglary and
larceny, and his punishment assessed at four years im-
prisonment for the burglary, and three years for the
larceny. On defendant's appeal to the St. Louis court
of appeals, the judgment was reversed as to the bur-

lary and affirmed as to the larceny, and he brings the cause here by appeal.

It being conceded by the state that the evidence was not sufficient to sustain the conviction of defendant for burglary, the only question for determination presented by the record is whether his conviction for grand larceny was proper, it being admitted that the coat he was convicted of stealing was of less value than thirty dollars. The evidence in the case shows that the larceny was committed in a dwelling house, and this being so, by virtue of section 1309, Revised Statutes, as construed by this court in the cases of *State v. Brown*, 75 Mo. 317, and *State v. Butterfield*, 75 Mo. 297, the offence is grand larceny, without reference to the value of the property stolen. The cases of *State v. Owens*, 79 Mo. 619, and *State v. Alexander*, 56 Mo. 131, fully warranted the action of the St. Louis court of appeals in reversing the judgment as to burglary and affirming it as to the larceny.

There being no evidence in the case as to the good character of the defendant, but on the contrary evidence showing that his character was not good, the instruction given as to the presumption arising from the recent possession of stolen goods is fully warranted by *State v. Kelly*, 73 Mo. 608.

Finding no error in the record the judgment is affirmed.

HENRY, C. J., DISSENTING.—I do not concur. The court instructed the jury that one found in the possession of property, recently stolen, is presumed to be the thief, and, if he fails to account for his possession, in a manner consistent with his innocence, the presumption becomes conclusive against him. I do not think that this is, or ever was, the law, or ever ought to be.