## STATE v. SORRENTINO.

(No. 1181, August 26th, 1924; 228 Pac. 283.)

CRIMINAL LAW—ORAL ARGUMENT ON REHEARING.

1. Whether or not defendant was guilty of manslaughter was a question for the jury.
2. The Supreme Court has the right to modify the judgment of the trial court.

APPEAL from the District Court, Laramie County, WILLIAM A. RINER, Judge.

On petition for rehearing. For former opinion, see 31 Wyo. 129, 224 Pac. 420.

*Hon. David J. Howell,* Attorney General, for plaintiff and respondent.

*Wm. C. Mentzer,* for defendant and appellant.

BLUME, Justice.

A petition for rehearing was filed herein by defendant on various grounds. The right for an oral argument having been asked, and the court desiring to be more fully advised, it was granted. After due consideration, we are still of the opinion that as to whether or not the defendant was guilty of manslaughter was, under the facts of this case, a question for the jury. We do not think that such holding is in any way inconsistent with the holding of this court in Palmer v. State, 9 Wyo. 40; 59 Pac. 793, 87 Am. St. Rep. 910; nor do we think, as argued, that by our holding every man who, in the night time, shoots an invading burglar subjects himself to being found guilty of, at least, manslaughter.

Nor have we found any good reason to reverse our holding that this court has the right to modify the judgment of the trial court. In addition to the cases cited in the original opinion sustaining our holding, we refer to State v. Ramirez, 34 Ida. 623, 203 Pac. 279; 29 A. L. R. 297; State

v. Friedrich, 4 Wash. 205, 29 Pac. 1055; 30 Pac. 328, 31 Pac. 332; State v. Lillie, 60 Wash. 200, 110 Pac. 801; See also Glover v. State, 7 Ga. App. 628, 67 S. E. 687; Harris v. State, 119 Ark. 85, 177 S. W. 421. We are cited to State v. O'Donnell, 176 Ia. 337, 157 N. W. 870, where it was held that inasmuch as the statute grants the authority to the jury to fix the punishment in first degree murder either at death or at life imprisonment, the supreme court has no authority to modify the judgment from a sentence of death to one for life imprisonment. The contrary is held by the Supreme Court of Oklahoma under a long line of decisions commencing with Fritz v. State, 8 Okl. Crim. 342, 128 Pac. 170. To the same effect is State v. Ramirez, supra. Further than that, the state of facts dealt with in the O'Donnell case differ from the facts dealt with in this case. We need not pause to point out the differences. We are not persuaded that we should change our ruling because of that case.

The petition for rehearing is denied.

POTTER, Ch. J., and KIMBALL, J., concur.

NOTE—See Headnote (1) 17 C. J. p. 201 (1926 Anno.).