### STATE v. SORRENTINO*
(No. 1289; Feb. 15, 1927; 253 Pac. 14.)

CONSTITUTIONAL LAW—CRIMINAL LAW—MODIFICATION OF VERDICT—TRIAL BY JURY—DUE PROCESS OF LAW—RIGHT OF APPEAL—HOMᴵⁱⁱᵈᵉ—DISCRETION IN IMPOSING SENTENCE.

1. Supreme Court, under Const. art. 5, § 2, *held* authorized to reverse conviction for murder in second degree, and to order defendant resentenced for manslaughter, while permitting verdict originally of conviction for murder in second degree to stand as to manslaughter; such action not amounting to violation of Const. U. S. Amend. 14, and of Const. Wyo. art. 1, § 6, as to due process, or of article 1, § 9, as to right of trial by jury; manslaughter being included in crime of murder, in view of Comp. St. Wyo. 1920, § 7070.

2. Trial by jury is not necessary requisite of due process of law, within meaning of Const. U. S. Amend. 14.

3. Right of appeal is not necessary requisite of due process of law, within meaning of Const. U. S. Amend. 14.

4. Minimum of 16 and maximum of 17 years for man-
slaughter *held* not such abuse of discretion of trial court
as to authorize interference by reviewing court.

*See Headnotes: (1) 12 CJ p. 1210 n. 83; 17 CJ p. 366 n. 60.
(2) 29 CJ p. 1122 n. 39; p. 1125 n. 74; 35 CJ p. 241 n. 73 New.
(3)  12 CJ p. 1208 n. 45; p. 1209 n. 76. (4) 17 CJ p. 254 n. 35;
30 CJ p. 454 n. 69.

APPEAL from District Court, Laramie County; WILLIAM
A. RINER, Judge.

Mike Sorrentino was convicted of murder in the second
degree, and he appealed. 31 Wyo. 129, 224 Pac. 420, 34
A. L. R. 1477. He was ordered sentenced for man-
slaughter, and he appeals.

*William C. Mentzer,* for appellant.

Upon indictment for an offense consisting of different
degrees, the jury may find the defendant not guilty of
the degrees charged, and guilty of any degree inferior
thereto; 5550 C. S.; Cook v. Territory, 3 Wyo. 110. This
court acquired jurisdiction on appeal to discharge defend-
ant, grant a new trial or affirm the judgment below;
Mahoney v. State, 5 Wyo. 520. Similar statutes exist in
other states; People v. Lee Yung Chong, (Cal.) 29 Pac.
777; People v. Travers, (Cal.) 15 Pac. 293; Territory v.
Griego, (N. M.) 42 Pac. 81. Error in the verdict and degree
of punishment should be corrected by a new trial; Ex
Parte Friedrich, 149 U. S. 70; State v. Symes, (Wash.)
50 Pac. 487; Spain v. State, 59 Miss. 19; Fletcher v. State,
(Miss.) 92 So. 556; Wood v. State, (Okla.) 112 Pac. 11. An
appellate court could not change the verdict; State v.
Child; (Kan.) 22 Pac. 721; Henwood v. People, (Colo.) 129
Pac. 1010; In re Burns, 113 Fed. 987; Ex Parte Slinger, 284
Fed. 60; In re Bonner, 151 U. S. 242; Allen v. State,
(Wis.) 54 N. W. 999; Slocum v. Ins. Co., 228 U. S.
364, and cases cited. An appellate court has no jurisdic-
tion to reduce the amount of a verdict found by a jury,
on the ground that the verdict is against the weight of the

evidence; the cause must be remanded for new trial; Beckley v. Miller, (Ark.) 131 S. W. 876; Langdon v. Court, (Cal.) 223 Pac. 72; Perkins v. McDowell, (Wyo.) 23 Pac. 71. Section 7591 C. S. is in conflict with Sections 6 and 9, Article I of the Constitution and of the Fourteenth Amendment of the Federal Constitution, since it removes the right of trial by jury and due process of law; it is error to submit a cause on a lesser degree, when unsupported by evidence; State v. Ash, (Wash.) 122 Pac. 995; State v. McPhail, (Wash.) 81 Pac. 683; State v. Kruger, (Wash.) 111 Pac. 769; Dresback v. State, 38 O. S. 365; State v. Lindsey, (Nev.) 5 Pac. 822. While some courts hold that a question once decided, though erroneous, will not be modified on a second appeal, we believe the better rule to be as stated by the Kansas Court, that an erroneous decision should be corrected; Co. v. Merrill, (Kan.) 70 Pac. 358; and in Cluff v. Day, (N. Y.) 36 N. E. 182; Johnson v. Motor Car Co., 261 Fed. 878; Wells on Res. Adjudicata, 624; Bomar v. Parker, (Texas) 4 S. W. 599; Bird v. Sellers, (Mo.) 26 S. W. 668; Barton v. Thompson, (Ia.) 9 N. W. 899. Punishment should be sufficient only to protect the public safety; State v. Wolfer, (Minn.) 138 N. W. 315; State v. Ringdahl, (Ia.) 183 N. W. 332; State v. Ross, (Ore.) 104 Pac. 596; 106 Pac. 1022; Lyon v. State, (Okla.) 146 Pac. 1084; State v. Ramirez, (Idaho) 203 Pac. 279. We are unable to reconcile the holding of the court in this case with the rule laid down in State v. Palmer, 9 Wyo. 40, which was to the effect that a person assaulted has the right to defend himself.

*David J. Howell*, Attorney General, for respondent.

This case was fully briefed and argued upon the merits and original hearing, and upon rehearing; the question as to the power of this court to reduce the judgment, from murder in the second degree to manslaughter, was exhaustively briefed and fully argued upon rehearing; respondent's former briefs are respectfully submitted for

consideration on this second appeal; the regularity and procedure in the sentence is not questioned, nor is it denied that the lower court failed to comply with the mandate of this court; the judgment should be affirmed.

BLUME, Chief Justice.

The appellant, Mike Sorrentino, was convicted of murder in the second degree in the District Court of Laramie County, and from the sentence in accordance with the verdict he took an appeal to this court. On that appeal we held that the verdict was not justified as to murder in the second degree but only as to manslaughter, and we permitted the verdict to stand to that extent only and directed the court, unless the state should elect otherwise, to resentence the defendant for the crime of manslaughter. 31 Wyo. 129, 224 Pac. 420; rehearing denied in 31 Wyo. 499, 228 Pac. 283. The state not electing otherwise, appellant was sentenced, in accordance with the order of this court, for the crime of manslaughter on September 2, 1924, the sentence directing appellant's confinement in the state penitentiary for a minimum period of sixteen years and a maximum period of seventeen years. The present appeal was taken from that judgment. Without determining as to whether or not an appeal from a sentence entered in conformity with the order of this court is proper and should be considered by us, we have deemed it best, on account of the importance of the questions involved, and the persistence of counsel for appellant in claiming that we erred in the former appeal, to fully re-examine the main points in the case.

1. Counsel for appellant claims as he did in the petition for rehearing on the former appeal, that while sections 7589 and 7591, W. C. S. 1920, authorize this court to modify a judgment of the District Court, it does not authorize this court to modify the verdict of the jury; that we had, accordingly, no power to reverse the judgment for murder in the second degree, and at the same

time let the verdict stand as to manslaughter and direct the appellant to be resentenced for that crime, but that we could do nothing more than to remand the case back for a new trial. There is ample authority, however, for the order which we made. In substantially all the cases which we cited as precedents for that order in the opinions on the former appeal, the verdict itself was directly affected, modified and partially set aside. That, for instance, was true in Vance v. State, 70 Ark. 272, 68 S. W. 37; Darden v. State, 73 Ark. 315, 84 S. W. 507; Jones v. State, 88 Ark. 579, 115 S. W. 166; Harris v. State, 119 Ark. 85, 177 S. W. 421; State v. Friedrich, 4 Wash. 205, 29 Pac. 1055, 30 Pac. 328, 31 Pac. 332; State v. Lillie, 60 Wash. 200, 110 Pac. 801; Fouts v. State, 4 G. Greene (Iowa) 500; State v. McCormick, 27 Iowa 402; People v. Farrell, 146 Mich. 264, 109 N. W. 440; People v. O'Callaghan, 2 Idaho 156, 9 Pac. 414; Commonwealth v. Lawless, 103 Mass. 429; State v. Bugbee, 25 Vt. 32; State v. Kennedy, 88 Mo. 341; Ballew v. United States, 160 U. S. 187, 160 U. S. 187, 16 S. Ct. 263, 40 L. Ed. 388. In the Arkansas, Iowa, Michigan, Idaho and one of the Washington cases cited, the verdict rendered by the jury was reduced either from murder in the first degree to murder in the second degree, or from murder in the second degree to manslaughter, and the defendant was directed to be resentenced for the crime of lower degree or character. In Ballew v. United States, supra, a case almost exactly like that of State v. Bugbee, supra, the defendant was indicted upon two counts. The jury rendered a general verdict of guilty. The Supreme Court held that the verdict was justified as to one count but not as to the other, and, therefore, reversed the case as to the one, but permitted the verdict to stand as to the other. The verdict being a general one, the court necessarily affected and modified the verdict itself. The case is, accordingly, directly in point. That is the view taken of the case by the Supreme Court of Arkansas in Darden v. State, supra,

and, we think, rightly. Counsel for appellant have cited us to State v. Symes, 17 Wash. 596, 50 Pac. 487, where it was held that the trial court, because of its limited power, had no right to modify the verdict of the jury, but could only grant or refuse a new trial. The case in no way affected State v. Friedrich, supra, and the rule of the latter case was distinctly reaffirmed in State v. Lillie, supra. After careful investigation, we have been unable to find a single case decided by an appellate court in the United States which holds against the rule announced by us in this case on the former appeal, and the only decision contrary to it seems to be that of District Judge Hanford in the case of In re Friedrich, (C. C.) 51 Fed. 747. The cases cited by counsel for appellant do not appear to be in point, although a statement here and there might be construed as favorable to his contention.

2. Bearing in mind what we have said, we shall proceed to the consideration of the claim that our former holding and the action of the trial court in conformity therewith was in violation of section 6, article 1, of the constitution of this state, which provides that no person shall be deprived of life, liberty or property without due process of law, and in violation of section 9, article 1, of the constitution of this state, which provides that the right of trial by jury shall remain inviolate in criminal cases. The contention in short is, that no jury has ever found the appellant guilty of manslaughter, and that his sentence to imprisonment is accordingly illegal. But this contention can not be sustained. We stated in our opinion on the former appeal, that the crime of manslaughter is included in the crime of murder. Manslaughter is, in short, an unlawful homicide without malice. Sec. 7070, W. C. S. 1920; Pigg v. State, 145 Ind. 560, 43 N. E. 309. Our law upon that subject was taken from Indiana, and the Supreme Court of that state has held that the definition of manslaughter, as contained in our statute, is the same as

it was under the common law; that an indictment for murder in the first degree, as was the indictment in the case at bar, is one for murder in the first degree, second degree and manslaughter, and that under an indictment for murder a defendant may be convicted for manslaughter because the latter crime is included in the former. State v. Kennedy, 7 Blackf, (Ind.) 233; Lumm v. State, 3 Ind. 293; Moon v. State, 3 Ind. 438; Hoss v. State, 18 Ind. 349; Dukes v. State, 11 Ind. 557; 71 Am. Dec. 370; Carrick v. State, 18 Ind. 409; Powers v. State, 87 Ind. 144; Pigg v. State, supra. The verdict of murder in the second degree, accordingly, in a case like that at bar, necessarily implies, as we stated in the opinion on the former appeal, the finding of all the facts essential to the offense of voluntary manslaughter and the defendant has had the benefit of a trial for that offense, as fully as though the information had contained that charge only. Mr. Justice Hooker said in the case of People v. Farrell, supra:

"The substance of the point relied on is that defendant has a right to have a verdict stating that he is found guilty of manslaughter. We think that the verdict does so state, in different but unmistakable language.   *   *   * Though they (the jury) found that murder had been committed, the conviction in the light of the record was in law but a conviction for manslaughter, whatever the jury or judge saw fit to call it, and it was clearly that."

The constitutional provision granting the right of trial by jury in criminal cases must be construed pari passu with section 2 of article 5 of our constitution, providing that:

"The supreme court shall have general appellate jurisdiction coextensive with the state in both civil and criminal causes, and shall have a general superintending control over all inferior courts, under such rules and regulations as may be prescribed by law."

The constitutional provision, and the laws passed in conformity therewith, clearly grant the supreme court the right to review criminal "causes," not merely the sentence or decision of the trial judge. These "causes" are tried by a "court," and that court, in criminal cases tried to a jury, is composed of the trial judge and the jury. The verdict of the jury is merged in the decision of the trial judge, and it is, necessarily, the latter, which directly comes to this court for review, without, however, depriving this court of the right of reviewing all that preceded such final decision. State v. Ramirez, 34 Idaho 623, 203 Pac. 279, 29 A. L. R. 297. A defendant in such case has the right to have a jury pass upon the facts; but he has no constitutional right to have that done twice. And when these facts have once been passed upon by the jury, and the result thereof, namely the verdict, is found to be partially legal and partially illegal, and the legal portion may, as in the case at bar, be readily separated from the illegal portion, without affecting the former, there is no reason either in law or justice why this separation should not be directed in criminal cases, just as it is frequently done in civil cases, without resorting to another trial. This court, by separating and eliminating the illegal portion of the verdict in the case at bar, did not thereby cause the "weight of the judge's finger" to fall upon the appellant (151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149, cited by counsel), for he reaped a benefit therefrom, but on the contrary, it simply did what justice required, without invading the province of the jury in so far as they acted legally. Justice must be administered according to the law of the land. But the state is entitled to that no less than the defendant. Even assuming, which might not turn out to be true by any means, that the appellant might profit by another trial, he has no right to demand it, if he has had the benefit of all constitutional and statutory rights, which we think he has had in the case at bar, and we think that we should be taking a

direct backward step in criminal jurisprudence, if we should accede to what we regard as a technical claim made by appellant in this case.

3. Counsel for appellant also claims that the course pursued by this court and the trial court in connection with the sentence of the defendant for manslaughter is in violation of the 14th Amendment of the Constitution of the United States, because not in accordance with due process of law. We cannot agree with counsel in that contention. The point was raised and decided adversely to appellant in the case of Darden v. State, supra. The question was also discussed at great length by Mr. Justice Hooker in the case of People v. Farrell, supra, and he and the justices who agreed with him, also held adversely to the contention of appellant. It has been held by the Supreme Court of the United States that the state has full control over the procedure in its courts, both in civil and criminal cases, subject only to the qualification that such procedure must not work a denial of fundamental rights, or conflict with specific and applicable provisions of the federal constitution. Brown v. New Jersey, 175 U. S. 172; 20 S. Ct. 77, 44 L. Ed. 119, Maxwell v. Dow, 176 U. S. 581, 20 S. Ct. 448, 44 L. Ed. 597. A trial by jury has never been held to be a necessary requisite of due process of law within the meaning of the 14th Amendment aforesaid. Maxwell v. Dow, supra; 12 C. J. 1207; Taylor on Due Process of Law, sec. 308. Nor is the right of appeal essential to due process of law. United States v. Heinze, 218 U. S. 532; 12 C. J. 1209; Taylor, supra, sec. 572. If that is true, much less can it be a violation of the amendment aforesaid, where a trial by jury has actually been had, where an appeal was taken, where a defendant materially benefitted by such appeal and where the verdict of the jury was merely modified by eliminating the illegal and separable portion therefrom, as permitted by the constitution and the laws of this state. It would seem in fact

that Ballew v. United States, supra, substantially disposes of this point. We did in this case, on the former appeal, substantially what the United States Supreme Court did in that case.

4. Counsel for appellant complains of the heavy sentence and insists that we should modify it, claiming that the circumstances in this case in no event justify anything but the minimum sentence for manslaughter. The case is one peculiar in its facts, although counsel for appellant does not concede that: While this court may have the power to reduce the sentence—a point which we need not decide—we think that the District Court was better qualified to judge of the proper punishment to be meted out. We ought not, except in a clear case, to interfere with the discretion of the trial court in that regard. But lest the decision on this point might hereafter be misconstrued, we think we should add that we should not want it to be used in prejudice of the appellant should he, at any time, deem fit to appeal to executive clemency, for, as stated before, the case is one peculiar in its facts, and we can readily see that different men might come to different conclusions as to what punishment should be meted out. We simply decide that, sitting as an appellate court, the discretion vested in the trial court has not been so clearly abused as to authorize us to interfere.

The judgment of the trial court should accordingly be affirmed, and it is so ordered.

*Affirmed.*

POTTER, J., and KIMBALL, J., concur.