No. 864, Misc. DAVIS v. BALKCOM, WARDEN. Supreme Court of Georgia. Certiorari denied. *Melvin L. Wulf* and *Lawrence Speiser* for petitioner. *Eugene Cook,* Attorney General of Georgia, and *Earl L. Hickman,* Assistant Attorney General, for respondent.

THE CHIEF JUSTICE, with whom MR. JUSTICE DOUGLAS joins, has filed the following memorandum:

While it is not our custom to state reasons when denying a writ of certiorari, there are occasions when the gravity of the allegations in a petition makes it appropriate to state what the denial does *not* mean* in order to give assurance that this Court is not insensible to charges of egregious violations of constitutional rights.

The denial of a writ of certiorari does not mean that this Court approves the decision below nor, in state criminal cases, that the petitioner is necessarily precluded from obtaining relief in some other appropriate proceeding. Both state and federal courts have an equally binding obligation to uphold the Constitution, and when a state court fails to vindicate rights guaranteed by the Constitution in a criminal proceeding upon a proper demand, the federal courts are open to an aggrieved petitioner.

In this case the state courts refused to grant a hearing to the petitioner on procedural grounds. However, a life is at stake, and unless some court, state or federal, entertains his petition, this petitioner will be executed without a hearing on charges that strike at the very foundation of American justice. He contends that, under a statute recently declared unconstitutional by this Court, he was

---

*See, *e. g., English* v. *Cunningham,* 361 U. S. 905; *Sheppard* v. *Ohio,* 352 U. S. 910; *Rosenberg* v. *United States,* 344 U. S. 889; *Bondholders, Inc.,* v. *Powell,* 342 U. S. 921; *Maryland* v. *Baltimore Radio Show,* 338 U. S. 912.

denied the right to be a witness in his own defense or even to testify that the confession used against him was coerced during a two-month period of illegal detention. He also claims that he was denied the right to trial by jury of his peers under a valid indictment through the systematic exclusion of members of his race from the jury lists, a practice which has often been condemned as unconstitutional by this Court and which Congress has made criminal.

No man should ever be imprisoned—let alone executed—in this country if such charges can be substantiated.