Tyrone D. NOETZELMANN,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 86–38.

Supreme Court of Wyoming.

July 8, 1986.

Leonard D. Munker, State Public Defender, and Martin J. McClain, Deputy State Public Defender, of the Public Defender Program for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Gerald P. Luckhaupt, Asst. Atty. Gen., for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

Appellant Tyrone D. Noetzelmann was convicted by a jury of delivery of a controlled substance under § 35–7–1031(a)(ii), W.S.1977, and sentenced to a term of two to four years in the Wyoming State Penitentiary.

We affirm.

On June 29, 1984, two agents from the Wyoming division of criminal investigation (DCI) were conducting an undercover drug investigation in Riverton, Wyoming. The agents stopped by the Corner Pocket Billiard Lounge where an informant introduced them to appellant. At some point during their conversation, appellant indicated that he could obtain marijuana for the agents. He left the bar and returned approximately 30 minutes later. He and one of the agents then went outside to the agent's car where appellant gave the agent two plastic baggies of marijuana in exchange for $200. On the basis of these events, appellant was later arrested and charged with delivery of a controlled substance.

Appellant raises the following five issues on appeal:

1. "Whether the trial court's refusal to instruct the jury upon Appellant's entrapment defense deprived Appellant of his constitutional right to have all questions of fact resolved by the jury."

2. "Whether this Court erred in failing to [grant] a mistrial when evidence of prior unrelated bad acts of Appellant [was] presented [to] the jury."

3. "Whether the trial court erred in permitting the State's expert to testify that the substance in question was marijuana when the expert was a chemist, not a [botanist], and his testing procedure was designed to determine the presence of tetrahydrocannabinol, a different controlled substance under the statute than that with which Appellant was charged."

4. "Whether the prosecutor improperly used closing argument to testify to the jury that he believed the State's witnesses were telling the truth."

5. "Whether the competent evidence presented to the jury was insufficient to sustain the conviction of delivery of marijuana."

I

Appellant claims first that he was denied his constitutional right to have all questions of fact decided by a jury in that the trial court refused to instruct the jury on the defense theory of entrapment. That is, appellant complains that the reasons given by the trial court for refusing the entrapment instruction amounted to findings of fact properly left for a jury to decide.

The law in Wyoming is well settled with respect to instructing the jury on the defendant's theory of the case.

"* * * [T]he defendant in a criminal case has the right to have his defense affirmatively presented to the jury. [Citation.] The right to an instruction on the defendant's theory of the case rests on two conditions precedent, namely, the offered instruction must be sufficient to inform the court of the defendant's theory *and there must be competent evidence in the record to support the theory. * * *"* (Emphasis added.) *Sanchez v. State,* Wyo., 694 P.2d 726, 727 (1985). "If these two elements are present *and prejudice results* from the failure to instruct, * * * the error requires reversal."

(Emphasis added.) *Stapleman v. State*, Wyo., 680 P.2d 73, 77 (1984). In determining whether an instruction in favor of an accused should be given, the evidence must be viewed in a light as favorable to him as is justifiable. *Stapleman v. State*, 680 P.2d at 75.

In the present case, the evidence when viewed in a light favorable to appellant discloses that the agents went to the Corner Pocket for the express purpose of meeting and attempting to purchase drugs from appellant. A surveillance crew was already in position outside the bar. Upon being introduced to appellant by their informant, the agents asked appellant if he could get them some marijuana. Appellant left the bar and returned 30 minutes later with two baggies of marijuana.

■■■ Even when viewed in this light, the evidence is not sufficient to support the theory of entrapment. Entrapment occurs only when the criminal conduct was the product of the creative activity of law enforcement officials. *Dycus v. State*, Wyo., 529 P.2d 979 (1974). It does not arise if one is ready to commit the offense, given but the opportunity. *Higby v. State*, Wyo., 485 P.2d 380 (1971). The decisions in cases involving the illegal sale of drugs are practically unanimous in holding that the offense of entrapment is not available where the only solicitation is an offer to buy. *Janski v. State*, Wyo., 538 P.2d 271 (1975). Suspected persons can be tested by being offered an opportunity to transgress the law, although they may not be put under an extraordinary temptation or inducement. *Higby v. State*, supra.

We fail to see how the actions of the agents in the present case placed appellant under extraordinary temptation or inducement. As in *Janski v. State*, the facts in the present case show only that the agents attempted to buy a controlled substance from appellant and that appellant managed to obtain it for them directly. The evidence is simply insufficient to support the defense of entrapment. There being no competent evidence in the record to support the theory, the trial court's failure to instruct the jury on entrapment does not constitute reversible error.

## II

Appellant's second contention is that the trial court erred in refusing to grant a mistrial when evidence was introduced that appellant had previously sold marijuana to children.

On appeal, great deference is given to a trial court's determination concerning the admissibility of evidence. *Bishop v. State*, Wyo., 687 P.2d 242 (1984), cert. denied — U.S. ——, 105 S.Ct. 1203, 84 L.Ed.2d 345 (1985). The trial court is in a far better position to evaluate the impact of the evidence, because it has the opportunity to observe the mannerisms and reactions of the witnesses, the defendant, the jurors, and counsel. We are, therefore, reluctant to overturn the court's evidentiary rulings unless they are arbitrary or irrational. *Bohack Corporation v. Iowa Beef Processors, Inc.*, 715 F.2d 703 (2d Cir.1983). As long as there is a legitimate basis for a court's decision, we cannot say that there was an abuse of discretion. *Bishop v. State*, supra.

At trial during the prosecutor's examination of one of the DCI agents, the following transpired:

"Q. * * * [D]id the [appellant] at any point make a representation to you as to what those bags contained?

"A. He did.

"Q. And what representation did he make to you?

"A. He indicated to me after he had handed the baggies to me that he normally [sells] the marijuana to—

"[APPELLANT'S COUNSEL]: Objection, Your Honor. That's nonresponsive to the question again. The question was, 'What do the bags contain?'

"THE COURT: Well, the question was whether the [appellant] indicated what the bags contained to this witness. Please try to be responsive to this question, [witness]. Go ahead. You may answer.

"A.  It's difficult to be—

"Q.  * * *  Did he make a specific representation as to what those bags contained?

"A.  Yes, he did.

"Q.  Okay.  What specific representation did he make?

"A.  He stated to me that he normally sells the marijuana—

"[APPELLANT'S COUNSEL]: Your Honor, I'd object once again, this is a real simple question that the State's trying to ask.  'Was there any reference to what it contained?'  And the agent is insisting on throwing in as much as he can in his testimony.  I'd object.  He's being unresponsive to the question.

"THE COURT: The objection is overruled.  I believe the witness is trying to be responsive.  You may finish your answer.

"A.  Thanks.  Mr. Noetzelmann stated to me that *the marijuana that he had given to me he normally sells to kids in the area* for thirty dollars a quarter-ounce.  However, he was selling it to me for a hundred dollars an entire ounce * * *."  (Emphasis added.)

At this point, appellant moved for a mistrial on the grounds that the testimony was unresponsive, irrelevant, highly prejudicial, and inadmissible as evidence of prior bad acts under Rule 404(b), W.R.E. Rule 404(b), W.R.E., provides as follows:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Pursuant to that rule, we have held that evidence of other crimes, wrongs, or acts is normally not admissible in the trial of a criminal case. *Bishop v. State*, 687 P.2d at 245–246.  However, as indicated by the rule, evidence of prior acts may be admitted by a trial court for a variety of purposes; the establishment of intent or a particular course of conduct is among those purposes. *Evans v. State*, Wyo., 655 P.2d 1214 (1982); *Vasquez v. State*, Wyo., 623 P.2d 1205 (1981).

Under provisions identical to Rule 404(b), W.R.E., numerous courts have held that evidence of prior involvement in drug trafficking is admissible as proof of intent. In *United States v. Rivera-Sola*, 713 F.2d 866 (1st Cir.1983), for example, the defendant was charged with possession of drugs with intent to distribute.  Over the defendant's objection that the government was seeking to prove criminal disposition in contravention of Rule 404(b), F.R.E., the court admitted evidence that the defendant had stated "that he had been smuggling drugs for years."  713 F.2d at 871.  The court found that the evidence tended to show intent, which was particularly relevant since the defense sought to suggest that the defendant never intended to engage in a drug transaction.  We are faced with a comparable situation here.  Appellant relies on the theory that he was somehow induced to sell marijuana by agents of the DCI.  Evidence of appellant's own statements that he had previously engaged in the sale of marijuana goes directly to refute that theory and shows that he intended to sell marijuana.  It was, therefore, properly admitted under Rule 404(b), W.R.E.

Appellant also contends that the testimony was inadmissible under Rule 403, W.R.E., which provides as follows:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Relevant evidence is defined in Rule 401, W.R.E., as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  We have already stated that the evidence in

question here tended to show that appellant intended to sell marijuana. In light of appellant's theory that he never intended to engage in a drug transaction, that evidence is particularly relevant. We are, therefore, not persuaded by appellant's claim that the evidence was inadmissible under Rule 403, W.R.E.

In any event, even if the evidence was wrongfully admitted, we find no cause for reversal.

" ' * * * A nonconstitutional error, as in the case of erroneous admission of similar act evidence, is harmless if it is "highly probable" that the error did not contribute to the verdict. * * * '

\* \* \* \* \* \*

"For an error to be regarded as harmful, there must be a reasonable possibility that in the absence of the error, the verdict might have been more favorable to the defendant. * * * " *Bishop v. State*, 687 P.2d at 246–247.

In the present case, in light of the other evidence presented by the State, we do not find a reasonable possibility that in absence of the claimed error the verdict might have been more favorable to appellant.

## III

In his third assignment of error, appellant claims that the trial court erred in permitting the State's expert to testify that the substance sold by appellant was marijuana. His claim is based on the fact that the expert was a chemist, not a botanist, and that the testing procedure was designed to determine the presence of tetrahydrocannabinol, not marijuana.

As appellant recognizes, whether a witness qualifies as an expert rests largely with the trial court, and that court's determination will not be disturbed in a criminal trial except in extreme cases or when a clear abuse of discretion is shown. *Chavez v. State*, Wyo., 604 P.2d 1341 (1979), cert. denied 446 U.S. 984, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980). The burden of establishing an abuse of discretion lies with the party attacking the ruling of the trial court. *Jahnke v. State*, Wyo., 682 P.2d 991 (1984). A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances; the ultimate issue is whether the court could reasonably conclude as it did. *Martinez v. State*, Wyo., 611 P.2d 831 (1980). In the present case, the testimony demonstrated that the State's expert had been employed by the Wyoming state crime lab as a senior forensic scientist for three and one-half years. His education included a Bachelor of Science Degree in chemistry, extensive in-house training at the state crime lab and Extra Nuclear Incorporated Company, and a fellowship from Northwestern University. Among his duties as forensic scientist for the state crime lab is the training of in-coming chemists on laboratory techniques and identification and analysis of drugs and controlled substances. His primary responsibility is the chemical analysis of unknown substances and identification of controlled substances. He testified that he had performed thousands of tests for marijuana. In addition, he testified fully as to the methods used in testing for marijuana, including a microscopic examination and three separate chemical examinations. Finally, he testified that he personally performed each of the tests on the substance sold by appellant. On the basis of this testimony, the trial court's finding that the expert was qualified to testify as to the identity of the substance in question was reasonable.

## IV

In his closing argument, the prosecutor made the following statement:

" * * * [T]here can be no reasonable doubt about whether or not that plant substance is marijuana. You can only have a doubt if you disregard the evidence that was presented, or if you feel the State's witnesses lied to you. *I don't believe that they did.* * * * " (Emphasis added.)

Appellant complains that the prosecutor improperly used his closing argument to testify to the jury that he believed the

State's witnesses were telling the truth. He relies in part on the principle that "'[i]t is unprofessional conduct for the prosecutor to express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.'" *United States v. Young,* —— U.S. ——, 105 S.Ct. 1038, 1043, 84 L.Ed.2d 1 (1985).

While we recognize the validity of that principle, consideration must be given to other factors as well. In order to determine whether a prosecutor's expression of personal belief in testimony given at trial is so improper as to require reversal, we must examine the argument in its entirety. *Freeze v. State,* Wyo., 662 P.2d 415 (1983).

In the present case, the prosecutor began his closing argument by carefully informing the jury that one of its duties was to weigh and consider the evidence and the credibility of the witnesses. He emphasized that it was the jury's function to decide whom to believe. He then asked the jury to keep in mind that nothing said by counsel was evidence. After appellant's objection to the prosecutor's statement that he did not think the State's witnesses lied, the court ruled that the remark was improper. However, in light of other remarks in both opening and closing arguments, the trial court did not find that the remark required a mistrial. The court, instead, cautioned the prosecutor that if any further expressions of personal belief were made during closing arguments, a directed verdict would be entered in favor of appellant. Thereafter, the prosecutor's comments were entirely proper.

 The scope of permissible argument, as well as the injury caused by improper argument, is best left to the trial court. *Hopkinson v. State,* Wyo., 632 P.2d 79 (1981), cert. denied 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463 (1982). We will not reverse the trial court's determination absent a showing that it was without legitimate basis. *Hopkinson v. State,* supra. Under the circumstances presented here, we find that the trial court's determination to not grant appellant's motion for a mistrial was legitimate, and we, therefore, find no abuse of discretion.

## V

In his final claim for relief, appellant contends that the evidence presented to the jury was insufficient to sustain the conviction. More specifically, appellant contends that the evidence presented by the State established only that the baggies contained tetrahydrocannabinols, not that they contained marijuana.

We have already sustained the trial court's ruling on the qualifications of the State's expert. During his testimony, the expert testified that the substance he examined was "consistent with the same microscopic characteristics as in marijuana" and that "[t]he active ingredient extracted from the marijuana plant is tetrahydro-cannabinol." This testimony, when combined with all the other evidence presented, was sufficient for the jury to find appellant guilty beyond a reasonable doubt.

Affirmed.