Brett SIMONDS, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 87–237.

Supreme Court of Wyoming.

Sept. 22, 1988.

**1190**

Leonard Munker, State Public Defender and Gerald M. Gallivan, Director, and Mark E. Drury, Thomas E. Callison, and Robert G. Wright, Student Interns, of the Wyoming Defender Aid Program, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen. and Terry L. Armitage, Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

Appellant Brett Simonds appeals his convictions of aggravated burglary and of interference with a peace officer and the determination that he was a habitual criminal.

We affirm in part, reverse in part, and remand.

Appellant raises the following issues:

WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY REFUSING TO INSTRUCT THE JURY AS TO APPELLANT'S THEORY OF SELF–DEFENSE TO THE CHARGES OF INTERFERENCE WITH A PEACE OFFICER AND AGGRAVATED BURGLARY.

WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED APPELLANT UNDER THE ENHANCED HABITUAL CRIMINAL STATUTE BY USING APPELLANT'S CONVICTION UNDER W.S. § 31–11–102 AS ONE OF THE THREE PRIOR FELONIES.

Did the trial court's reliance upon [appellant's] one act of infliction of bodily injury on a police officer to sentence [appellant] of aggravated burglary and interfering with a police officer constitute double jeopardy?

Did [appellant's] act of burglary terminate when the police officer arrested [appellant]?

We address only the first and fourth issues, as they are dispositive.

On February 17, 1987, at approximately 2:48 a.m., a silent alarm was activated at the Prairie Schooner Bar in Edgerton, Wyoming. Having received notification at his residence that the alarm had been activated, Edgerton Police Chief W.R. James responded to the alarm dressed in sweat pants and a T-shirt. Upon arriving at the bar, Chief James entered the establishment and encountered appellant. Chief James identified himself, and appellant immediately placed his hands on his head and surrendered, offering no resistance.

Chief James contends that at this point he placed appellant's arm behind his back, that he forced appellant up against the front of the bar, and that he advised appellant that he was under arrest. When Chief James attempted to reach over the bar for a telephone, he continued to exert pressure on appellant's arm. Appellant suddenly lunged backward, and a struggle ensued,

during which appellant struck Chief James in the jaw, knocking him unconscious. When Chief James regained consciousness, he discovered appellant had vanished, along with a jar containing an uncertain amount of money.

It is appellant's contention that he entered the bar through an unlocked side door for the purposes of obtaining a six-pack of beer on credit and of visiting with anyone who still might be at the bar after hours. In his attempt to locate someone, he was confronted by Chief James, and he followed Chief James' instructions. Appellant admits that Chief James placed appellant's arm behind his back and advised him that he was under arrest, but he asserts that, when this occurred, both he and Chief James were located behind the bar—the side on which the telephone was located. He states that Chief James began questioning him, wrapped the telephone cord around his neck, and tightened the cord around his neck in an attempt to force appellant to respond. Appellant claims that, fearing for his safety because he was being choked with the telephone cord, he began struggling in an act of self-defense, which led him to strike Chief James in the jaw, knocking him unconscious. Realizing the potential problems, appellant took the jar containing money and fled with the intention of leaving town.

Appellant was eventually located at a residence near the Prairie Schooner Bar, was placed under arrest, and was taken into custody. After a jury trial, appellant was found guilty of aggravated burglary and of interference with a peace officer, and he was found to be a habitual criminal. On September 4, 1987, appellant was sentenced to life imprisonment on his conviction of aggravated burglary and the finding that he was a habitual criminal, and he was sentenced to not less than nine years nor more than ten years on his conviction of interfering with a peace officer. These sentences were to be served concurrently.

Appellant asserts that the trial court committed reversible error when it refused to instruct the jury on appellant's theory of self-defense. According to appellant, he had a right to self-defense, which justified his use of counterforce to protect himself, because Chief James used excessive force while he was arresting appellant.

■ The law in Wyoming is well established with respect to instructing the jury on a defendant's theory of the case. In *Sanchez v. State*, 694 P.2d 726, 727 (Wyo. 1985), quoted in *Noetzelmann v. State*, 721 P.2d 579, 580–81 (Wyo.1986), we stated:

[T]he defendant in a criminal case has the right to have his defense affirmatively presented to the jury. The right to an instruction on the defendant's theory of the case rests on two conditions precedent, namely, the offered instruction must be sufficient to inform the court of the defendant's theory and there must be competent evidence in the record to support the theory.

(Citation omitted.)

"If these two elements are present and prejudice results from the failure to instruct, * * * the error requires reversal." *Stapleman v. State*, Wyo., 680 P.2d 73, 77 (1984). In determining whether an instruction in favor of an accused should be given, the evidence must be viewed in a light as favorable to him as is justifiable.

*Noetzelmann*, 721 P.2d at 580–81. See also *Best v. State*, 736 P.2d 739 (Wyo.1987).

In the present case, the following instruction was offered:

You are instructed that there may be situations that * * * police activities are so provocative and resistance so understandable that it can only be concluded that the police were not engaged in the lawful performance of their official duties.

Examining this instruction, which appears to have been drawn from language employed by this Court in *Best*, 736 P.2d 739, and *Roberts v. State*, 711 P.2d 1131 (Wyo. 1985), we observe that the instruction adequately explains that a peace officer may be deemed to have acted outside the lawful performance of his duties. The instruction, however, fails to explain that such conduct by the officer may give rise to a right of self-defense, i.e., a right to resist the use of

excessive force, which would preclude a conviction of felony interference with a peace officer pursuant to W.S. 6–5–204(b). The rejected instruction does not even allude to appellant's self-defense theory. We conclude that, while this instruction may have been adequate to apprise the trial court of appellant's theory of the case, it was an insufficient statement of the law to give to the jury. We hold that the trial court properly denied submission to the jury of appellant's purported self-defense instruction.

 Appellant also contends that the commission of his burglary terminated when he was arrested by Chief James and that, for this reason, he was not acting "in the course of committing the crime" of aggravated burglary as defined by W.S. 6–3–301(d) when he assaulted the peace officer. He concludes that he cannot properly be found guilty of aggravated burglary as defined by that statute.

The language of the statute is plain and unambiguous. W.S. 6–3–301 reads in applicable part:

(a) A person is guilty of burglary if, without authority, he enters or remains in a building, occupied structure or vehicle, or separately secured or occupied portion thereof, with intent to commit larceny or a felony therein.

\* \* \* \* \* \*

(c) Aggravated burglary is a felony [where] in the *course of committing the crime of burglary, the person:*

\* \* \* \* \* \*

(ii) *Knowingly or recklessly inflicts bodily injury on anyone; or*

(iii) *Attempts to inflict bodily injury on anyone.*

(d) *As used in this section "in the course of committing the crime" includes the time during which an attempt to commit the crime or in which flight after the attempt or commission occurred.*

(Emphasis added.) Giving the language of the statute its plain and ordinary meaning, it is clear the words "in the course of committing the crime" as used by the legis-

lature were meant to include that time when the crime was being committed as well as that "time during which an attempt to commit the crime or in which flight after the attempt or commission occurred." Accordingly, we must determine whether the arrest of appellant by Chief James foreclosed appellant from committing the alleged crime of aggravated burglary.

In the case of *Coleman v. United States,* 295 F.2d 555 (D.C. Cir.1961), cert. denied, 369 U.S. 813, 82 S.Ct. 689, 7 L.Ed.2d 613 (1962), one of the essential questions before that court was whether an arrest of the defendant served to break the link between a robbery and a killing, thus rendering the felony-murder statute inapplicable. Although that court held there was not an arrest and the necessary link between the two crimes had not been broken, it acknowledged that, had there been an arrest prior to the murder, the felony-murder statute would not apply. Similarly, the cases of *State v. Milam,* 108 Ohio App. 254, 156 N.E.2d 840 (1959), and *People v. Smith,* 232 N.Y. 239, 133 N.E. 574 (1921), have reached the same conclusion. We see no reason why this rule of law should not be applied in the State of Wyoming. Therefore, whether an "arrest" of appellant occurred, breaking the essential link between the two crimes, is critical in determining the continuity of the several elements of the crime which must be shown under the applicable statute.

This Court has set out on numerous occasions the elements that constitute an "arrest." In *Rodarte v. City of Riverton,* 552 P.2d 1245, 1250 (Wyo.1976), quoted in *Phillips v. State,* 760 P.2d 388, 392 (Wyo.1988), and *Neilson v. State,* 599 P.2d 1326, 1333 n. 4 (Wyo.1979), cert. denied, 444 U.S. 1079, 100 S.Ct. 1031, 62 L.Ed.2d 763 (1980), we stated:

"An arrest is the taking, seizing, or detaining of the person of another, (1) by touching or putting hands on him; (2) or by any act that indicates an intention to take him into custody and that subjects him to the actual control and will of the person making the arrest; or (3) by the consent of the person to be arrested.

"To effect an arrest, there must be actual or constructive seizure or detention of the person arrested, or his voluntary submission to custody, and the restraint must be under real or pretended legal authority ..." 5 Am.Jur. 2d, Arrest § 1, p. 695.

See also *Heinrich v. State*, 638 P.2d 641 (Wyo.1981).

The evidence in this case clearly substantiates that appellant had been put under arrest by Chief James before the assault occurred. Chief James had placed appellant's arm behind his back, he had advised appellant that he was under arrest, he had appellant under his control, and he was detaining appellant through use of his legal authority. On the basis of these facts, we hold that the arrest circumvented the commission of or the attempt to commit the crime of aggravated burglary.

W.S. 6–10–201(a) provides in applicable part:

A person is an habitual criminal if:

(i) He is convicted of a *violent* felony; and

(ii) He has been convicted of a felony on two (2) or more previous charges separately brought and tried which arose out of separate occurrences in this state or elsewhere.

(Emphasis added.) Our holding that appellant was not properly convicted of aggravated burglary precludes the application of this statute. We hold that appellant was improperly found to be a habitual criminal; therefore, that conviction is reversed.

■ Finally, it has long been recognized that, if this Court determines it is appropriate to reverse the conviction of a criminal defendant for an offense, it may order that the defendant be resentenced for a lesser-included offense in the event the jury verdict also supports such a conviction. *Nunez v. State*, 383 P.2d 726 (Wyo.1963); *State v. Sorrentino*, 36 Wyo. 111, 253 P. 14 (1927). Such an action by this Court is not a violation of appellant's due process right under U.S.Const. amend. XIV, § 1 and Wyo.Const. art. 1, § 6 or of his right to a trial by jury under Wyo.Const. art. 1, § 9. *Sorrentino*, 253 P. 14.

Burglary is a lesser-included offense of aggravated burglary, and, under the circumstances of this case, we believe it is appropriate for the disposition as approved in Nunez and Sorrentino to be applied here. The jury specifically found through its verdict that appellant was guilty of aggravated burglary. Such a conviction of aggravated burglary was improper because the elements of W.S. 6–3–301(c) and (d) were incorrectly found by the jury. However, even though the jury incorrectly concluded that the necessary elements were present to elevate appellant's crime from burglary to aggravated burglary, an examination of the record discloses there was sufficient evidence presented to justify the jury's finding that each of the elements of burglary was met. Therefore, appellant's conviction for the crime of aggravated burglary is set aside, but his conviction is sustained as to the lesser-included offense of burglary. The case is remanded for resentencing on the crime of burglary.

Affirmed in part, reversed in part, and remanded to the trial court for resentencing in accordance with this opinion.