**Ronald WRIGHT, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 92–242.**

Supreme Court of Wyoming.

April 22, 1993.

Leonard D. Munker, State Public Defender, Deborah Cornia, Appellate Counsel, and Linda Burt, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Barbara B. Boyer, Sr. Asst. Atty. Gen., and Mary Beth Wolff, Asst. Atty. Gen., for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

Appellant Ronald Wright appeals from his convictions for three counts of delivery of a controlled substance in violation of Wyo.Stat. §§ 35–7–1031(a)(i) and 35–7–1016(b)(iv) (1988).

We affirm.

Appellant raises this issue:

Did the trial court err when it failed to order a mistrial on the grounds of prosecutorial misconduct?

Appellant's convictions stem from an undercover drug investigation which was conducted by the Division of Criminal Investigation. Two confidential informants who were familiar with the drug scene in and around Cheyenne, Wyoming, assisted the DCI. During the investigation, the informants supplied Appellant with money on three separate occasions and requested that he buy cocaine for them from a suspected crack house. Appellant obliged on each occasion so that he could support his own drug habit with the "commission" he expected to receive for brokering the drug deal. The first two transactions occurred on April 1, 1992, and the third transaction occurred on April 7, 1992. DCI agents closely monitored each transaction.

As a result of the investigation, Appellant was tried before a jury on three counts of cocaine delivery. Appellant did not contest the factual validity of the charges; rather, he contested the charges' legal validity by way of an entrapment defense. He testified that he began attending church and stopped smoking cocaine in March of 1992. He claimed that he would not have been involved in the criminal activity had the informants not "turned [him]

on" to cocaine at an all-night party on March 31, 1992. Contrariwise, the informants testified that they did not party with Appellant in March of 1992 and that he willingly engaged in the criminal activity. After hearing this and other testimony, as well as being instructed on relevant points of the law, the jury returned a guilty verdict against Appellant. The district court sentenced Appellant to serve three concurrent terms in the penitentiary, each term to be not less than three years nor more than five years. Appellant timely appealed from the judgment and sentence.

On appeal, Appellant advances two arguments for reversal under the umbrella of prosecutorial misconduct. He contends that the efficacy of his entrapment defense was substantially prejudiced by the prosecutor's (1) improper attempt to influence the testimony of a defense witness and (2) improper use of leading questions to elicit damaging information from a prosecution witness. Appellant asserts that the district court erred by denying his motions for a mistrial on these grounds. We will address Appellant's arguments in turn following a brief review of relevant legal principles.

 As indicated above, Appellant objected to the prosecutor's conduct via two motions for a mistrial. Consequently, our review of this case is governed by the harmless error doctrine. The harmless error doctrine provides that any error which does not affect a substantial right is disregarded on appeal. W.R.Cr.P. 52(a). Appellant's appellate burden, therefore, is to demonstrate that the prosecutor's conduct was improper and that such misconduct substantially prejudiced his entrapment defense. *Armstrong v. State*, 826 P.2d 1106, 1115 (Wyo.1992); *McLaughlin v. State*, 780 P.2d 964, 971 (Wyo.1989). An entrapment defense lies when law enforcement officials, through the use of extraordinary temptation, induce an otherwise innocent person to commit a crime. *Noetzelmann v. State*, 721 P.2d 579, 581 (Wyo.1986). It does not lie when one is ready to commit a crime given but an opportunity. *Id.* The defense is designed to exonerate the unwary innocent as opposed to the unwary

criminal. *Sherman v. United States*, 356 U.S. 369, 372, 78 S.Ct. 819, 820, 2 L.Ed.2d 848 (1958).

 Appellant argues initially that the prosecutor and two DCI agents impermissibly attempted to influence the testimony of a defense witness concerning the date of a party he attended with the informants and Appellant. Appellant asserts that, before trial, the defense witness was prepared to testify that the party took place on March 31, 1992, but that, at trial, he testified that he could not remember the specific date of the party. Appellant contends that this governmentally induced amnesia substantially prejudiced his entrapment defense because this witness was the only defense witness called to corroborate his version of the facts.

The record does not substantiate Appellant's allegation of prosecutorial misconduct. It reveals that Appellant met with the defense witness before he testified to suggest to him that the party occurred on March 31, 1992, and to remind him that such testimony was important to Appellant's defense. In response, the prosecutor and the two DCI agents met with the defense witness to encourage him to "rely on [his] own memory" and "not to parrot the answer that somebody suggested." The defense witness testified to this course of events at trial, although not entirely without contradiction. We understand Appellant's disappointment that the defense witness did not testify that the party occurred on March 31, 1991; however, we are not willing to assign error to the prosecutor's conduct in light of these facts. *See United States v. Saunders*, 943 F.2d 388 (4th Cir. 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992); *State v. Melvin*, 326 N.C. 173, 388 S.E.2d 72 (1990); and *State v. Drewel*, 835 S.W.2d 494 (Mo. Ct.App.1992).

 Appellant argues secondly that the prosecutor asked leading questions to elicit information from a prosecution witness concerning Appellant's willingness to procure cocaine for third persons prior to April 1, 1992. Appellant asserts that this improperly obtained testimony substantially

prejudiced his entrapment defense by showing that he had a predisposition to commit the crimes charged.

The record reveals that the prosecutor asked the prosecution witness several leading questions; however, the record also reveals an abundance of other properly elicited evidence concerning Appellant's predisposition to engage in similar criminal conduct. We have stated on numerous occasions that we review allegations of prosecutorial misconduct in light of the entire record to determine whether the misconduct substantially affected the defendant's right to a fair trial. *Armstrong*, 826 P.2d at 1115; *King v. State*, 780 P.2d 943, 951 (Wyo.1989). Upon such a review in this case, we conclude that the prosecutor's limited use of leading questions did not substantially prejudice the efficacy of Appellant's entrapment defense. This is simply a case of the DCI nabbing the "unwary criminal." The trial court did not err by failing to order a mistrial on the grounds of prosecutorial misconduct.

Affirmed.